WILLIAM STIVERS, PROSECUTOR; v. JERSEY CITY.

Submitted December 8, 1903—Decided February 23, 1904.

The Veteran act of 1895 (*Pamph. L., p.* 317) does not prevent the abolition of a position held by an honorably discharged Union soldier if the same is done *bona fide* and is not illusory.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the appellant, *McEwan & McEwan.*

For the appellee, *Robert Carey* and *I. Faerber Goldenhorn.*

The opinion of the court was delivered by

GARRETSON, J. This *certiorari* brings up for review the following preamble and resolution adopted by the board of street and water commissioners August 4th, 1903, as follows:

"WHEREAS, For many years, and until about the 10th ult., the city has received its water-supply by gravity to the reservoir at High Service, at a head insufficient to supply certain points at the city without pumping; and

"WHEREAS, The water-supply is now received by gravity through a new pipe line at sufficient head to supply all portions of the city without pumping, and to render pumping at High Service unnecessary;

"*Resolved,* That the positions held by William Stivers, Thos. Larkins and Frank F. Ruggles, engineers employed at pumping at High Service, be abolished, and that the services hereby terminate and are dispensed with."

The prosecutor is an honorably discharged Union soldier and claims a right to retain the position under "An act regarding honorably discharged union soldiers, sailors and marines." *Pamph. L.* 1895, *p.* 317. Section 3 of that act provides that it shall be unlawful for any governing body, &c., to abolish any position or office held by any honorably discharged Union soldier, sailor or marine, or to change the title of any such office or position or reduce the emoluments thereof for the purpose of terminating the service of any such employe. It cannot be disputed that such Union soldier cannot claim a right to have a position continued, and that unless the action in abolishing the office is not in good faith and only illusory he has no case for protection under this act.

It appears from the evidence that prior to August 4th, 1903, the prosecutor had been employed by Jersey City as engineer at High Service; that his duties were to take charge, supervise, run and take care of the engines, pumps, boilers and condensers; that there were four engineers, all engaged in the same duties; that one of the four engineers continued in service after the resolution above mentioned was adopted, the others being by it discharged. It also appears that prior to the discharge of the three men the East Jersey Water Company began to deliver water to Jersey City through a new pipe, so that the machinery at High Service was abandoned; that the men were dismissed because there was no pumping to do; the works were stopped and there was no further use for the pumps because the water was delivered by gravity; that one of the four engineers is still retained to take charge of the engines and pumps there, one pump being kept in case of emergency and the others having been taken apart. In case of emergency it would be necessary to have additional men to run the pump if it were to be run continuously, but

in such case the man still there would start and run it for eight hours.

It thus appears from the testimony that the action of the board of street and water commissioners was not that of abolishing one office and creating another 'under a different name with the same duties; that it was not illusory, and the prosecutor has no right to retain his former position.

It is not perceived how the resolution of April 8th, 1902, by which Daniel H. Carpenter was appointed engineer in charge at High Service (*vice* R. B. Ingram, resigned), salary to be at the rate of $1,200 per annum, payable monthly, can affect the case. Carpenter was one of the four engineers at High Service when the other three were discharged (August 17th, 1903) ; he was not appointed to take the prosecutor's place or to perform his duties. After the pumping ceased, manifestly, so many engineers were not necessary; therefore three were discharged, as the one who was called engineer in charge remained.

The resolution will be affirmed, with costs.