JAMES C. PADDOCK, RELATOR, v. HUDSON COUNTY BOARD
OF TAXATION.

Argued November Term, 1911—Decided April 11, 1912.

The relator held a clerkship in the office of the board of taxation
of Hudson county since 1906. The board had a larger clerical
force than it needed for the proper transaction of its business
and therefore for the purpose of economy it decided to dispense
with the services of the relator and two other clerks and dis-
missed them. *Held*, that though the relator was in the paid ser-
vice of the state and within the protection of the Civil Service
law, it did not preclude the board of taxation from abolishing
the clerkship and dismissing the relator when done in good faith
and for the purpose of economy.

On rule to show cause why a peremptory *mandamus* should
not issue.

Before Justices TRENCHARD and KALISCH.

For the relator, *Richard Doherty.*

For the respondent, *Boyd McLean* and *William D.
Edwards.*

The opinion of the court was delivered by

KALISCH, J. The relator was an assistant clerk in the office
of the board of taxation of Hudson county. He had been in
the employ of the board in the same capacity since 1906. For
some time prior to the dismissal of the relator from his clerk-
ship, the board, it seems, had under consideration the great
cost of conducting its business and for the purpose of reducing
the expenses and in the interest of an economical administra-
tion of the office, and at the same time having due regard to
the maintaining of efficient and proper service, decided to dis-
pense with the services of some of its clerks. The board had a
clerical force consisting of eight or nine clerks at an annual

expense of $16,000. Its first step was to request the board of chosen freeholders of Hudson county that the appropriation going into effect December 1st, 1911, be reduced by the amount of $5,100, and, subsequently, on July 1st, 1911, the board of taxation, by resolution, directed that the services of three of its clerks, one of whom was the relator, should be dispensed with from and after August 1st, 1911.

The board of taxation in justification of its action contends—*first,* that the relator is not within the provisions of the Civil Service law of this state. Section 11 of that law provides: "The classified service shall include all persons in the paid service of the state or the municipalities thereof that may adopt the provisions of this act, not included in the unclassified services." *Comp. Stat., p.* 3799. Hudson county had not at the time of the employment or dismissal of the relator adopted the act; and it is further contended the relator was not in the paid service of the state.

There is no merit in the claim that the relator was not in the paid service of the state. The mere fact that the county paid him his salary does not, according to the reasoning in *Pierson* v. *O'Connor,* 25 *Vroom* 36, make him less a person in the paid service of the state.

*Second.* It is claimed that the testimony shows that the relator was not discharged nor removed, but that his office was abolished for the purpose of economy.

A fair reading of the testimony seems to bear out this claim. It was not the design of the Civil Service law to perpetuate offices regardless of the fact whether they were needed or not. The very spirit of good government intends that useless offices drawing revenue from a municipality or state should be abrogated, and it would be regarded as a betrayal of a solemn trust for a body politic to convert offices contemplated under the Civil Service law into sinecures or pension places.

The testimony satisfies us that the relator's office was abolished for the purpose of economy and without any discrimination on account of politics but in good faith, and hence was justifiable.

It is further to be observed that the action of the county

board, recommending to the finance board that the appropriation be cut down to the amount of the annual salaries of the three clerks dismissed, is strong evidence of good faith on the part of the board of taxation to get rid of unnecessary expense and is almost a conclusive answer to the relator's claim that he was improperly removed or discharged.

The rule to show cause will be discharged.