DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

NOVEMBER TERM, 1913.

---

JOHN COLGARRY ET AL, PROSECUTORS-APPELLANTS, v. THE BOARD OF STREET AND WATER COMMISSIONERS OF THE CITY OF NEWARK, DEFENDANT-RESPONDENT.

Argued December 5, 1913—Decided January 15, 1914.

When a municipal corporation *bona fide* and in the interest of efficient and economical administration, determines to reduce the number of its employes by abolishing certain positions in its service, the employes thus removed from their positions are not entitled to notice and an opportunity to be heard in relation to such a proceeding, for, neither the Civil Service act (*Comp. Stat.*, p. 3795), nor the Veteran act (4 *Id., pp.* 4871, 4873), nor the Board of Works Tenure of Office act (1 *Id., p.* 984), protects them from such removal or discharge.

---

On appeal from the Supreme Court.

For the appellants, *Arthur F. Egner* (*Robert H. McCarter* on the brief).

For the respondent, *Herbert Boggs.*

583

The opinion of the court was delivered by

WALKER, CHANCELLOR.    This case presents an appeal from the judgment of the Supreme Court affirming certain proceedings of the board of street and water commissioners of the city of Newark, which were before that court on *certiorari.*

Certain persons employed by the board, and whose positions and employments were abolished, sued out a writ of *certiorari* to review the legality of the resolution which deprived them of their employment. The resolution brought up recites that certain named employes are unnecessary to the efficient and economical administration of the city, within the jurisdiction of the board, and then provides that those employes be placed on the suspended list and that their respective salaries and wages cease and that the several positions and employments held by them respectively be abolished and terminated.

The employes, thus removed, claim the protection of the Civil Service act (*Pamph. L.* 1908, *p.* 235, § 24), which provides that certain employes shall not be removed, discharged or reduced in pay or position or otherwise discriminated against because of political opinions or affiliations, and further that they shall not be removed, discharged or reduced until they shall have been furnished with a written statement of the reasons for such action and allowed a reasonable time in which to make written answer thereto.

The record shows that all of the persons removed under the respondent's resolution were members of the same political party, but it does not show that those who were retained were all of another political party; hence it does not appear that the prosecutors were discharged from their employment because of any discrimination against them on account of political opinions or affiliations.

The appellants in this case fail to show that their employments were not abolished for the purpose of economy, and, therefore, under the decision of the Supreme Court in *Paddock* v. *Hudson Tax Board,* 53 *Vroom* 360, they are not en-

titled to set aside the resolution of the board. As was well said in that case (at *p.* 361) :

"It was not the design of the Civil Service law to perpetuate the offices regardless of the fact whether they were needed or not. The very spirit of good government intends that useless offices drawing revenue from a municipality or state should be abrogated, and it would be regarded as a betrayal of a solemn trust for a body politic to convert offices contemplated under the Civil Service law into sinecures or pension places."

The Civil Service act does not provide that when a municipal corporation proposes to reduce its working force by the abolition of certain positions in the interest of efficient and economical administration, that the employes thus affected shall be entitled to notice and an opportunity to be heard in relation to such a proceeding. The case before us does not fall within the provision of the Civil Service act.

Nor does the Veteran act protect such of the appellants as are honorably discharged Union soldiers, as the abolition of their positions is not shown to be illusory and appears to be *bona fide. Stivers* v. *Jersey City,* 41 *Vroom* 606. See also, *Beirne* v. *Jersey City,* 31 *Id.* 109 ; *Harker* v. *Bayonne, ante p.* 176.

Those who are sought to be protected by the Board of Works Tenure of Office act (*Pamph. L.* 1910, *p.* 40) are in no better position. That act provides that no employe of a municipal board of street and water commissioners who shall have been in such employ continuously for a space of five years shall be removed, discharged or reduced in pay or position, except for inefficiency or other just cause, until he shall have been furnished with a written statement of the reasons for such removal, discharge or reduction, and shall have been given a reasonable time to make written answer thereto, nor until the charge or charges shall have been examined into and found true in fact, upon reasonable notice and an opportunity to be heard. This, it will be seen, is practically the same protection which is afforded by the Civil Service act. For the reason that the Civil Service act does not apply, the Board of Works Tenure of Office act does not apply.

We have examined the other grounds of appeal and find them to be without merit.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER. JJ. 13.

*For reversal*—None.