THOMAS A. CAHILL, PROSECUTOR, v. TOWN OF WEST HOBOKEN, RESPONDENT.

PATRICK McCARTHY, PROSECUTOR, v. TOWN OF WEST HOBOKEN, RESPONDENT.

Argued March 21, 1917—Decided July 9, 1917.

While a municipal office may be abolished by the municipality for economical or beneficial reasons, and the incumbent deprived of his office, although protected by a tenure of office statute, that end cannot be accomplished by a removal from office contrary to the terms of such a statute, when such action leaves the office in existence and only brings about the creation of a vacancy to which another may be appointed.

On certiorari.

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutors, John J. Fallon.

For the respondent, Frederick K. Hopkins.

The opinion of the court was delivered by

BERGEN, J.· In each of the foregoing cases a rule was allowed requiring the respondent to show cause why a writ of certiorari should not be allowed to review a resolution adopted by the common council of the respondent on the 1st day of

January, 1917, rescinding a previous resolution of the council appointing the two prosecutors to the positions of patrolmen and abolishing the positions which they held. On the argument, the cases being argued together, it was agreed by counsel that if the court determined to allow the writs, it should decide the merits of the controversy as if on final hearing without further argument.

It was stipulated that the respondent is incorporated under "An act providing for the formation, establishment and government of towns," approved March 7th, 1895, and has since been governed by the provisions of that act; that the respondent, on April 12th, 1916, adopted an ordinance establishing a police department, which provided that the police force of the town should consist of one policeman (to be called patrolman) for every seven hundred inhabitants of the town; that the two prosecutors were appointed in December, 1916, to fill vacancies, one caused by death and the other by retirement; that the appointments took effect immediately, and the two prosecutors qualified and entered upon the performance of their duties as patrolmen and served as such until January 6th, 1917; that on January 1st, 1917, the respondent adopted a resolution rescinding the resolution appointing the two prosecutors and purporting to abolish the office of patrolman held by the prosecutors; that no charges were preferred against either for incapacity, misconduct, non-residence, disobedience of just rules and regulations, or otherwise, nor was either given a hearing on any charge or charges; that the preamble of the rescinding resolution recited that the police force was sufficient without the appointment of the prosecutors, and that such appointments were unwarranted and imposed an unnecessary and unjust burden on the taxpayers, and that the purpose of the resolution was the promoting of the efficiency of the department and economy in the administration of the town's affairs.

The power of the respondent to provide for the establishment of a police force is to be found in section 50 of an act entitled "An act providing for the formation, establishment and government of towns" (*Pamph. L.* 1895, *p.* 239; *Comp.*

*Stat., p.* 5532, § 375), which declares that the council shall have power by ordinance to establish and provide for the appointment, removal, duties and compensation of a police force, "provided, that such police force (excluding officers) shall not exceed more than one policeman to every eight hundred inhabitants, and provided, further, that no policeman or police officer shall be removed except for neglect of duty, misbehavior, incompetency or inability to serve."

There is nothing in this record which tends to show that the police department of the town of West Hoboken was not lawfully established under the statute above referred to.

It authorizes the establishment of a police force not to exceed one to every eight hundred inhabitants, and to that extent the number of patrolmen is fixed by law, and appointments beyond that number would be unlawful. The fact that the present ordinance fixed the number at one to every seven hundred inhabitants does not destroy the ordinance establishing a police force and leave the municipality without such force, for, if the number of patrolmen is not properly fixed by the ordinance, the statute fixes it, and within that limit all appointments would be legal, and in this case the appointments, including the prosecutors, do not exceed that limit. We are of opinion that the police force was lawfully established.

If the police department was lawfully established, then the statute entitled "An act respecting municipal police departments lawfully established in this state and regulating the tenure and term of office of officers and men employed in said departments," *Pamph. L.* 1915, *p.* 688, applies. That statute, section 1, provides that in municipal police departments lawfully established in this state, the officers and men employed therein shall hold their offices and continue in their employment "during good behavior, efficiency and residence in the municipality wherein they are respectively employed; and no person shall be removed from office or employment in any such police department or from the police force of any such municipality for political reasons or for any other cause than incapacity, misconduct, non-residence or diso-

bedience of just rules and regulations established or which may be established for the police force in such department." Section 3 of the same act enacts that no person whether officer or employe in any police department shall be removed from office except for a cause provided in the first section of the act, "and then only after written charge or charges of the cause or causes of complaint shall have been preferred against such officer or employe, signed by the person or persons making such charges and filed in the office of the municipal officer, officers or board, having charge of the department in which the complaint arises, and after the charge or charges shall have been publicly examined into by the proper board or authority upon reasonable notice to the person charged, it being the intent of this act to give every person against whom a charge or charges for any cause may be preferred under this act a fair trial upon said charge or charges and every reasonable opportunity to make his defence, if any he has or chooses to make."

This act prevents the removal of any patrolman from a police department for political reasons, or for any other cause except incapacity, misconduct, non-residence or disobedience of rules, and then only after a public hearing upon written charges, and it is not pretended in this case that any charges were preferred or any hearing allowed.

It is urged that when the purpose of the removal of a patrolman is alleged to be in the interest of economy he may be removed arbitrarily by resolution and without a hearing accorded to him. We do not agree to this proposition, for the office cannot be abolished by resolution; it is created either by statute or ordinance and must be abolished in a like solemn manner. If it be granted that the municipality has the power to reduce the number of patrolmen, it must be done by ordinance fixing the number at less than the statutory ratio.

The statute declares, among other things, that the council shall have power to provide by ordinance for the removal of the police force, and there is nothing in this record which shows any such ordinance; all that appears is that the prose-

cutors, lawfully appointed, are removed from their offices without the hearing which the statute gives them, leaving the offices in existence to be filled with partisans of the majority of the council. If this can be done, then there is nothing to prevent other removals in like manner until the entire force is discharged and their places filled by new appointments, all by resolution of the council. Under such conditions the allegation of economy as an excuse for a removal of an incumbent without a hearing affords an easy means to avoid the statute.

Mr. Justice Scudder, speaking for the Court of Errors and Appeals in *Newark* v. *Lyons,* 53 *N. J. L.* 632, said statutes of this class are intended "for the protection of incumbents while the offices continue," and that the power to declare all offices vacant cannot be exercised "for the purpose of appointing another to the vacated office unless it be for good cause shown against the incumbent, for this would be a removal within the prohibition of the statute." In that case it was held that a power existed to abolish useless and antiquated offices, and that "the tenure of the office is qualified by the continuance of the office." In *Sutherland* v. *Jersey City,* 61 *Id.* 436; *Paddock* v. *Hudson Tax Board,* 82 *Id.* 360; *Van Horn* v. *Freeholders of Mercer,* 83 *Id.* 239, and *Boylan* v. *Newark,* 58 *Id.* 133, the office was abolished. The rule seems to be settled in this state that while a municipal office may be abolished by the municipality for economical or beneficial reasons, and the incumbent deprived of his office, although protected by a tenure of office statute, that end cannot be accomplished by a removal from office contrary to the terms of such a statute when such action leaves the office in existence and only brings about the creation of a vacancy to which another may be appointed. The resolution under review does nothing more than create a vacancy which the council may at any time fill, and is not supported by the cases, cited by the defendant, holding that an office may be abolished in the public interest even where the incumbent is protected by a tenure of office act.

Whether, under any circumstances, in view of the act of 1915 (*Pamph. L., p.* 688), a police officer can be removed without written charges, and a hearing accorded as provided in that act, it is not necessary to decide in this case, for here the office remains in existence, and the result is the removal of the prosecutors from 'office without charges, or the hearing to which they are entitled, and without an effective abolition of the offices which they held. The writs will be allowed and the resolution under review will be set aside, with costs to prosecutors.