NATHAN STEINBERG, RESPONDENT, v. CELIA MINDLIN, APPELLANT.

Submitted January 8, 1920—Decided February 28, 1920.

With respect to permanent courts of record, vested with common law powers, every intendment is in favor of the legality of their proceedings, and only when their errors are affirmatively shown are they noticed by courts sitting in review of their proceedings.

On appeal from the First District Court of Newark.

Before Justices SWAYZE and PARKER.

For the respondent, *Maurice J. Zucker.*

For the appellant, *William A. Lord.*

The opinion of the court was delivered by

SWAYZE, J. The parties in this case submitted a state of case for appeal. It contained merely a statement of the evidence or some of the evidence. It was not certified in any way by the trial judge. Nor is there any finding of facts, except a statement that the court found as a matter of fact that the defendant paid a note given by her and passed by her husband to the plaintiff on account of her husband's debt, and refused to credit it on the account in suit. It is perhaps doubtful whether there is any evidence that the defendant impliedly authorized her husband to

make this appropriation of the wife's property. At best such a finding is only supported by the evidence that the husband acted as the wife's agent about her business affairs.

If we were certified that the evidence as set before us was the whole evidence adduced before the trial judge, a different case would now be presented. But since the trial judge found as he did, we ought not to reverse his judgment on a record which he probably has never seen. The rule is stated in *Demster v. Frech*, 51 *N. J. L.* 501, a case of *certiorari* to the Common Pleas on appeal from the court for the trial of small causes. It was approved by the Court of Errors and Appeals in *Schneider v. Marinelli*, 62 *Id.* 739, a case of an appeal to the Common Pleas from the judgment of a justice of the peace for a penalty. It was followed in *Lloyd v. Richman*, 57 *Id.* 385, in a *certiorari* of summary proceedings under the Landlord and Tenant act. The rule is thus stated: "With respect to permanent courts of record, vested with common law powers, every intendment is in favor of the legality of their proceedings, and only when their errors are affirmatively shown are they noticed by courts sitting in review of their judgments." The rule was extended by this court in *Lloyd v. Richman* where the lower court was a special tribunal not vested with common law powers. No extension is necessary in the present case. The District Courts are by statute continuous courts of record with a seal (*Comp Stat.*, p. 1954, §§ 2, 3), with a clerk, and have jurisdiction of every suit of a civil nature at law where the amount in dispute does not exceed the sum or value of $500. By different sections of the statute they are vested with substantially the powers of the Circuit Court within the pecuniary limit. They are clearly permanent courts of record vested with common law powers. The alleged error is not apparent on this record and the judgment must be affirmed, with costs.