ADVANCE DEVELOPMENT CORPORATION, RESPONDENT, v. MAYOR AND ALDERMEN OF JERSEY CITY ET AL., APPELLANTS.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellants, *Thomas J. Brogan.*

For the respondent, *Isaac Gross.*

PER CURIAM.

There is nothing in the form of a record that the court can lay hold of as a basis of review. It is a *mandamus* case. The printed book shows that upon an affidavit submitted to it, the Supreme Court made a rule to show cause why a writ of *mandamus* should not issue requiring the issue of a building permit, and for the taking of depositions thereunder; that depositions were taken, the case submitted on briefs at

the October term, 1927, and the opinion of the Supreme Court filed February 28th, 1928, in which the court says: "A writ of peremptory *mandamus* is allowed. If the respondents desire to appeal this decision, consent to the molding of the pleadings is given."

The above is the sum total of proceedings in the Supreme Court. No rule seems to have been entered on the opinion, and the right to enter it may have lapsed. *Jersey City* v. *Davis,* 80 *N. J. L.* 609. Of course, without a rule or *allocatur,* no writ of *mandamus* issued. As a basis for a review it was necessary to make up a record consisting of alternative writ, return and pleadings to a judgment. *Trinkle* v. *Donnelly,* 98 *Id.* 298. Counsel seem to have realized this to a certain extent, as the book shows a stipulation between them "that the record herein be regarded and treated as molded, and considered as if an alternative writ had heretofore been allowed herein, and that all of the testimony and depositions heretofore taken be regarded as taken upon and under said alternative writ, in order that the respondents might take an immediate appeal to the Court of Errors and Appeals from the judgment entered herein, should they so desire." "The appeal is from the issue of the peremptory writ of *mandamus* directed to the said respondents," &c., "and from the whole of the judgment so entered in this cause."

There is no judgment; there is no writ, alternative or peremptory; there is no rule awarding a writ, as we have pointed out. The parties seem to desire that their stipulation shall be acted on by this court as a basis of review. Just what we could affirm or reverse, we cannot perceive.

The Practice act of 1912 provides in section 22 for the entry of final judgment (subject to rules) without process or pleadings. But such practice is not applicable to proceedings of a prerogative character. *Stretch* v. *State Board,* 88 *N. J. L.* 92. Even if this were otherwise, the statute expressly contemplates a judgment; and the stipulation is not a judgment, nor can it be substituted for a record by consent of parties.

It follows that the appeal is futile for lack of any record on which to act, and it is therefore dismissed.