JOHN RATH, PROSECUTOR, v. CITY OF BAYONNE ET AL., DEFENDANTS.

Submitted May 13, 1932—Decided August 27, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *John Milton.*

For the defendants, *Alfred Brenner.*

PER CURIAM.

The writ brings up an ordinance of September 15th, 1931, repealing an ordinance of December, 1927, creating the city office of inspector of buildings; and a resolution of October 6th, 1931, assigning the duties of building inspector to the city surveyor. Prosecutor was building inspector at the time of the repealer, and claims to have been illegally deprived of his office.

The first point made is that the repealer ordinance is invalid as undertaking to contravene chapter 50 of *Pamph. L.* 1914, providing in substance that inspectors of buildings in second class cities (Bayonne is one) shall have indefinite tenure and shall not be removed without charges and a hearing.

The second point is that the repealer also runs counter to the act of 1927 (*Pamph. L., p.* 422, *ch.* 223), making similar provision in case of indefinite terms of office in all but first class cities.

If the office itself remained, these statutes would be applicable; but the office was created by ordinance, under authority of *Pamph. L.* 1886, *p.* 321; and the power to enact the ordinance implies a power to repeal. *Stemmler* v. *Madison,* 82 *N. J. L.* 596; 83 *Atl. Rep.* 85. It is conceded that an office may be abolished *bona fide* in the interest of economy, and perhaps for other similar reasons, but it is alleged that the present abolition was for political reasons. We find no fact in the case pointing in that direction, except perhaps that the personnel of the city commission had changed. It seems to be recognized in the cases that there must be something indicating a lack of good faith. For example, in *Carroll* v. *Bayonne,* 3 *N. J. Mis. R.* 308; 128 *Atl. Rep.* 234 (cited in prosecutor's brief), there was a wholesale shedding of policemen and firemen; in *McGillvray* v. *Linden,* 5 *N. J. Mis. R.* 1049; 139 *Atl. Rep.* 433, the testimony showed political motive; in *Womsley* v. *Jersey City,* 61 *N. J. L.* 499; 39 *Atl. Rep.* 710, the office was retained or recreated under a transparent change of name.

In the present case the office is definitely abolished at a saving of some $3,500 a year, and the work, under the resolution before us, will be done by the city surveyor without extra pay so far as appears. We are unable to read any bad faith out of this action.

The writ will be dismissed, with costs.