FORD MOTOR COMPANY, PROSECUTOR-APPELLANT, v. HILARIO FERNANDEZ ET AL., RESPONDENTS.

Argued October 25, 1934—Decided January 10, 1935.

For the appellant, *Herbert R. Baer.*

For the respondents, *David Roskein.*

The opinion of the court was delivered by

Parker, J.   At the outset we are confronted by an anomaly in procedure.   The case was argued before us as though a writ of *certiorari* had been allowed by the Supreme Court, issued and returned, argument regularly had thereon,

and judgment entered. The printed book shows a different state of things. There was a rule to show cause why such a writ should not issue, such rule returnable before the court *in banc,* and argued at the May term, 1934. As may be read in the opinion of the Supreme Court, counsel agreed at the argument, and with the consent of the court, that the controversy be considered and decided as if a writ had issued in due course, and the matter "proceed to judgment accordingly." The court thereupon decided the whole controversy on the merits, and concluded by saying: "In accordance with the agreement of counsel, a writ of *certiorari* will be considered as issued, and the judgment of this court is that the judgment brought up by the writ of *certiorari* will be affirmed, with costs." The rule entered on this opinion reads in the deciding part: "It is ordered, that the writ of *certiorari* will be considered as issued and dismissed with costs, and that the judgment brought up by the said writ will be affirmed in favor of the petitioner-respondent, and the record be remanded to the court below to be proceeded with according to law and the practice of said court." Apparently, this rule was entered on the opinion by the attorney for the prevailing party, as no signature of a justice of the court appears thereon: and none was needed under the circumstances.

We have before us, therefore, for review, a rule as for "judgment" based on a non-existent writ of *certiorari.* So far as relates to the hearing and determination of the whole merit of the controversy, by the Supreme Court, no criticism is here intended, as the practice has much to commend it in saving lost motion and in speed of final decision. But when that decision has been rendered, and an unsuccessful party seeks a review, it is his duty to see that the reviewing court has a record, in *certiorari,* as in any other case, on which to proceed. Strictly speaking, the situation here presented amounts to little, if anything, more than a discharge of the rule to show cause after hearing the merits fully. In effect it was either a refusal of a writ or the vacation of a fictitious *allocatur.* In either case appeal will not lie. *Daniel B. Frazier Co.* v. *Long Beach,* 110 *N. J. L.* 221; *Post* v. *Ander-*

*son,* 111 *Id.* 303. The situation is much like that obtaining in *mandamus,* when, after rule to show cause, a writ of *mandamus* is refused: in which case the court may or may not permit the issuance of an alternative writ and the framing of a record thereon as a basis of appeal. But a record there must be: except in cases within section 6 of the *Mandamus* act. *Pamph. L.* 1903, *p.* 380; *Comp. Stat., p.* 3216; *Browne* v. *King,* 91 *N. J. L.* 317; *Trinkle* v. *Donnelly,* 98 *Id.* 298. Stipulations by attorneys or counsel cannot take the place of a record. *Advance Development Corp.* v. *Jersey City,* 105 *Id.* 234.

The appeal will be dismissed; but in order to forestall any application for leave to frame a record and reinstate the appeal based thereon, we may as well say that as the attack is on findings of fact, first by the Common Pleas, and again by the Supreme Court, it is, on well settled principles not cognizable here if there was any evidence to support those findings. *Moran* v. *Jersey City,* 58 *N. J. L.* 653; *Suburban Land Co.* v. *Vailsburgh,* 68 *Id.* 311; *Kohn* v. *Tilt,* 103 *Id.* 110. There was substantial evidence to support them. Counsel for prosecutor argue on weight of evidence, and invoke the *obiter* remark of this court in *Standard Water Systems Co. v. Ort,* 110 *Id.* 586, 587, where the last sentence of the opinion reads: "The weight of medical testimony indicates that the petitioner's decedent died of angina pectoris." That this was purely *obiter* and in no way determinative of the appeal, is plain from a reading of an earlier sentence: "There is nothing in the record to show that an accident occurred while the decedent was at work."

So far as relates to the award of counsel fees, we concur in what was said on that subject by the Supreme Court.

The appeal is dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.