THE CITY OF NEWARK, A MUNICIPAL CORPORATION, AND MICHAEL P. DUFFY, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY, PROSECUTORS, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND SAMUEL J. GODDIESS, RESPONDENTS.

Argued January 16, 1935—Decided April 15, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutors, *Frank A. Boettner* (*Thomas M. Kane*, of counsel).

For the respondent Civil Service Commission, *David T. Wilentz*, attorney-general.

For the respondent Samuel J. Goddiess, *Simon L. Fisch*.

The opinion of the court was delivered by

PERSKIE, J.   This writ seeks to review the action of the civil service commission in setting aside the dismissal of the respondent Samuel J. Goddiess as a patrolman of the police department of the city of Newark and ordering his reinstatement.

Again it becomes necessary to point out that the record submitted does not contain a judgment, which should set out a statement of the evidence upon which it is based. *Freudenreich* v. *Mayor, &c., Fairview*, 114 *N. J. L.* 290; 176 *Atl. Rep.* 162, and cases therein cited. And there is doubt whether the transcript of the testimony is properly

before us as authorized by chapter 208. *Pamph. L.* 1914, *p.* 419; *Kerr* v. *Atlantic City,* 108 *N. J. L.* 219; 157 *Atl. Rep.* 559. While we have concluded to dispose of this case on the merits we desire to point out, in furtherance of proper practice, that the court cannot be deprived of a proper record by stipulation of respective counsel. *Advance Dev. Corp.* v. *Mayor, &c., Jersey City,* 105 *N. J. L.* 234; 143 *Atl. Rep.* 447; *Ford Motor Co.* v. *Fernandez,* 114 *N. J. L.* 202; 176 *Atl. Rep.* 152.

It appears from the testimony, that the respondent is a married man, living with his wife and six children; he is devoted to his family and bears a good reputation. He has been a patrolman since July, 1929. On January 20th, 1934, he was charged with having illicit sexual intercourse with one V. B., during the month of July, 1933; at the trial the date was changed to September, 1932. It will serve no useful purpose to detail the proofs. Suffice it to say that if the respondent's action with the complaining witness were true, it indicates a moral degeneracy of the lowest type.

The civil service commission, having heard the witnesses, and observed their demeanor, is best able to determine the probative force and value to be given to their testimony.

The time intervening between the date of the alleged offense and the date of the complaint; the character and criminal record of the complainant and some of her corroborating witnesses; the uncertainty and indefiniteness of the material proofs, leaves us unconvinced of the truth of the charge. The proofs do not ring true.

We are not willing to brand respondent guilty of charges which would effect his ostracism from friends, associates and all decent society (*O'Brien* v. *O'Brien,* 103 *N. J. Eq.* 214; 142 *Atl. Rep.* 898; *affirmed,* 105 *N. J. Eq.* 250; 147 *Atl. Rep.* 911), unless the proofs clearly warrant such a result. The findings of the commission must, of course, be based on competent evidence; it cannot determine substantial rights from hearsay testimony. *Friese* v. *Nagel Packing Co.,* 110 *N. J. L.* 588: 166 *Atl. Rep.* 307. What the grand jury did or did not do about this case was purely hearsay. But the

unfortunate reference thereto in the opinion of the commission, does not indicate that the rights of the parties were determined merely because the grand jury dismissed the complaint. And, moreover, prosecutors stipulated the admission of this report without objection. They cannot now be heard to complaint about it.

We have carefully considered the proper and legal proofs before the commission and are of the opinion that they fully support the result reached; and we so find. The jurisdiction of the commission, in the premises, is no longer open to debate. *City of Newark* v. *Civil Service Commission,* 114 *N. J. L.* 406; 177 *Atl. Rep.* 121.

The writ is dismissed, with costs.