ROBERT M. MARKS, PROSECUTOR, v. COUNTY OF MONMOUTH, DEFENDANT.

GEORGE B. GOODRICH, PROSECUTOR, v. COUNTY OF MONMOUTH, DEFENDANT.

Submitted May 17, 1935—Decided July 22, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutors, *Ward Kremer*.

For the defendant, *William A. Stevens*.

PER CURIAM.

By resolution at its first meeting, January 2d, 1934, the board of freeholders of Monmouth county directed that "in the interest of economy" certain "positions of employment" be abolished. They were seven in number: those now pertinent were of two assistant superintendents of weights and measures, one held by prosecutor Marks, the other by prose-

cutor Goodrich. They sued out the two writs now before us, and urge that as to them the resolution in question be set aside.

Two points are made. The first is that the positions were created by act of legislature, and that there is no statutory authority for abolishing them. The second is that apart from this, the abolition was founded on political reasons.

As to the first point, we consider that the positions were authorized by the legislature, rather than created. Section 11 of the act of 1911 (*Pamph. L., p.* 417; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3843, § 234-48), provides that "the respective county * * * superintendents, may, upon resolution of the respective governing bodies of said counties * * * appoint assistant county * * * superintendents." See *Neilley* v. *Passaic,* 13 *N. J. Mis. R.* 283; 177 *Atl. Rep.* 855. It will be observed that no number, or limit of number, is set by the statute. In the Neilley case we said that the municipality, which was also controlled by the same section, had full power to abolish the positions, or whatever they were, for economy. By the statute they are called into being by municipal or county action. By the same kind of action they may be abolished. *Jacoby* v. *Borough of Carteret,* 12 *N. J. Mis. R.* 199; 170 *Atl. Rep.* 613; *Cahill* v. *West Hoboken,* 90 *N. J. L.* 398; 101 *Atl. Rep.* 417; *Colgarry* v. *Board of Street and Water Commissioners, Newark,* 85 *N. J. L.* 583; 89 *Atl. Rep.* 789; *Rath* v. *Bayonne,* 10 *N. J. Mis. R.* 997; 162 *Atl. Rep.* 129. We think that the board had implied power to recall its resolution requesting the appointment of assistant superintendents, and this, in essence is what it did.

As to the point that the action was taken for political reasons, we have examined the evidence, and conclude that the prosecutors have altogether failed to sustain the burden of proof, which the law casts on them.

The writs will be dismissed, with costs.