THE TRUSTEES OF THE PRESBYTERY OF WEST JERSEY, A RELIGIOUS CORPORATION OF THE STATE OF NEW JERSEY, AFFILIATED WITH THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, PLAINTIFF-RESPONDENT, v. THE WEST PRESBYTERIAN CHURCH OF BRIDGETON, AN UNINCORPORATED ORGANIZATION, CONSISTING OF SEVEN OR MORE PERSONS, AFFILIATED WITH THE PRESBYTERIAN CHURCH OF AMERICA, AND CLIFFORD S. SMITH, DEFENDANTS; THE WEST PRESBYTERIAN CHURCH OF BRIDGETON, A RELIGIOUS CORPORATION OF THE STATE OF NEW JERSEY, AND THE TRUSTEES OF THE SAID THE WEST PRESBYTERIAN CHURCH OF BRIDGETON, A RELIGIOUS CORPORATION OF THE STATE OF NEW JERSEY, PETITIONERS-PROSECUTORS.

Submitted May term, 1937—Decided June 24, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutors, *Francis A. Stanger, Jr.*

For the respondent, *Alexander L. Rogers* and *Leroy W. Loder.*

The opinion of the court was delivered by

PERSKIE, J. The narrow question presented in this case is whether the prosecutors should be granted leave to intervene as parties defendant in an ejectment suit.

On October 12th, 1936, the trustees of the Presbytery of West Jersey (hereinafter called the Presbytery), a religious corporation of the State of New Jersey, affiliated with the Presbyterian Church in the United States of America, instituted an action in ejectment in the Cumberland County Circuit Court against The West Presbyterian Church of Bridgeton, an unincorporated organization consisting of seven or more persons, affiliated with The Presbyterian Church of America, and Clifford S. Smith, the minister of the congregation, demanding possession of certain lands and premises known as the church and manse and other buildings connected therewith, situate in the city of Bridgeton, New Jersey. The West Presbyterian Church of Bridgeton was formerly affiliated with the Presbyterian Church in the United States of America but is now affiliated with a schismatic group thereof known as The Presbyterian Church of America. In due season application was made on behalf of The West Presbyterian Church of Bridgeton and the trustees of the said The West Presbyterian Church of Bridgeton (hereinafter called the prosecutor Church), a religious corporation of the State of New Jersey, which corporation alleges that it has owned the lands and premises in question continuously for over fifty-one years, for an order to join them as additional parties defendant. The application was denied.

The prosecutor Church was incorporated November 3d, 1869, and was a part of The Presbyterian Church in the United States of America. On June 15th, 1936, as a result of a schism in the Presbyterian Church in the United States of America, the prosecutor Church adopted a resolution at a congregational meeting declaring that it was no longer part of such Presbyterian Church in the United States of America, and that it was no longer under the authority of the Presbytery of West Jersey.

On June 16th, 1936, Clifford S. Smith was deposed as a minister of the Presbyterian Church in the United States of America by the Presbytery.

On September 29th, 1936, the prosecutor Church was dissolved by the Presbytery in accordance with the Form of

Government, we are told, of the Presbyterian Church in the United States of America. The judgment of the Presbytery was entered on that day. The effect of the dissolution (so the Presbytery contends) was to render the prosecutor Church extinct and vest its property, real and personal, in the Presbytery.

The prosecutor Church and its minister, Clifford S. Smith, still occupy the property involved and both have become affiliated with The Presbyterian Church of America.

The Presbytery, contending that the prosecutor Church is extinct, did not name it as a party defendant to the ejectment suit. Prosecutor Church, claiming legal ownership and actual possession of the property in question, seeks to intervene by virtue of section 17 of the Ejectment act. 2 *Comp. Stat., p.* 2057. This section provides as follows:

"That the landlord of a tenant in possession or *other proper person* may by leave of the court or a judge, be admitted to appear and defend the action, in all cases where the same would have been allowed heretofore; provided, the application therefor be made in twenty days after the return day of the summons, or within such further time as may be granted by the court or a judge, and five days' notice of such application, and of the taking of affidavits to be used thereon, be given to the plaintiff; and the landlord *or other person* admitted under this section to defend, in respect of property whereof he is in possession only by the tenant, shall state, in his plea, that he defends as landlord, and shall be at liberty to set up such defense as a landlord has heretofore been allowed to set up, and no other." (Italics ours.)

We are not now called upon to decide the merits involved in the ejectment action. The sole question decided is whether the prosecutor Church should be permitted to intervene as parties defendant. To determine that question we revert to the statute. Does prosecutor Church fall within the category of "other proper person" as set forth in the quoted section of the act? We think so. These words include those persons whose interest "is connected to and consistent with the possession of the occupier, *Fairclaim* v. *Shamtille,* 3 *Burr.* 1294;"

those persons whose title may be "divested or disturbed by any claim to such adverse possession." *Den* v. *Shupe,* 13 *N. J. L.* 66. An examination of the testimony taken on the rule discloses, in our opinion, a sufficient connection between prosecutors and the involved property to bring them within the intendment of section 17, *supra.* It is undisputed that record title is in the prosecutor Church. The latter is still in active control of the property. Then, there is the added circumstance that Clifford S. Smith, named by the Presbytery as an occupier of the premises, is undoubtedly connected with the prosecutor Church. The facts thus exhibited lead us to the conclusion that prosecutors are entitled to the right to appear and defend the ejectment suit on the merits. The holding in the case of *The Trustees of the Presbytery of Jersey City* v. *The Trustees of the First Presbyterian Church of Weehawken,* 80 *N. J. L.* 572; 78 *Atl. Rep.* 207, urged to the contrary, is distinguishable on the facts and without present application. That case involved an action in ejectment to recover property on the theory of vesture upon dissolution of a subordinate member of the Presbytery but in that case the record title holder *was* joined as a party defendant. Thus, at least for the purpose of suit, the existence of the record title holder was recognized even though dissolved for other purposes. The question of extinction and consequent vesture of the property, moreover, goes to the merits of the ejectment suit and prosecutors are entitled to be heard thereon.

In view of the practice herein adopted, attention of counsel is called to the procedure to be followed from this point. *Cf. Ford Motor Co.* v. *Fernandez,* 114 *N. J. L.* 202; 176 *Atl. Rep.* 152; *Hefter* v. *Bradway,* 115 *N. J. L.* 81, 85; 178 *Atl. Rep.* 199.

Leave is hereby given to counsel to frame a proper record and on the record so framed, the writ of *certiorari* will be granted. Costs to abide the final disposition of the cause.