EAYRE B. JOYCE, PROSECUTOR, v. CLARENCE G. PRICE, COUNTY DIRECTOR OF BRIDGES, AND THE COUNTY OF BURLINGTON, BODY CORPORATE, RESPONDENTS.

Submitted May 2, 1939—Decided August 26, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Davis & Davis* (*James M. Davis, Jr.,* of counsel).

For the respondents, *Lester A. Drenk.*

The opinion of the court was delivered by

PERSKIE, J.   The question we are asked to decide is whether prosecutor, an exempt fireman, employed and working for the county of Burlington, as a carpenter, is entitled to the benefits of chapter 385, *Pamph. L.* 1938, *p.* 964, providing for "tenure of office of exempt firemen?"

By the facts, as stipulated, it is conceded that prosecutor was, on June 16th, 1938, the effective date of the act of 1938, *supra,* and still is, an exempt fireman; that he is the legal holder of an exempt fireman's certificate; and that he caused his certificate properly to be filed in due season in the clerk's office of Burlington county. In other words, it is conceded that prosecutor has fully complied with all applicable requirements (*R. S.* 40:47-52) entitling him to all the rights and benefits given by law to an exempt fireman.

It is further conceded that as such duly qualified exempt fireman, prosecutor was employed by respondent, county of Burlington, in January of 1935, as a carpenter, in its bridge department. Prosecutor continued in that capacity from January of 1935 until December 31st, 1938, working nine hours a day, weather permitting, and on June 16th, 1938, he was receiving sixty cents an hour. At all times during his employment he was compensated on an hourly basis. His duties consisted chiefly of carpentry work connected with the building, repair and maintenance of such bridges which the county was by law required to construct, repair and maintain. He also performed such other duties as from time to time were assigned to him by the foreman or foremen under whom he worked. The tools which he used were furnished by the county. Once each week during his employment, a pay voucher was submitted to the Board of Chosen Freeholders which contained the name of the prosecutor, the number of hours of service rendered during the week and the amount of compensation to which he was entitled.

On January 3d, 1939, the then director of bridges announced that the services of all men who had been rendering service in the Burlington county bridge department would not be required by him or the county until further notice. Thereafter some of the employes theretofore laid off or discharged were recalled to work in the bridge department of the county, but prosecutor was not one of them.

It is further conceded that no charges, written or otherwise, were preferred against prosecutor; that no hearing was accorded him; and that the failure to continue prosecutor in his employment was in nowise predicated upon para-

graph 4 of the act of 1938, *supra*, which provides, *inter alia*, that no employment, office or position to which an exempt fireman has acquired tenure shall be abolished on the ground of economy or otherwise, &c., save in the case of a "widespread depression" or "mandatory retrenchment," and then only in the manner therein provided.

Upon these conceded circumstances, prosecutor claims that either his having been laid off, or discharged, or his failure to be continued in his employment, is contrary to paragraph one of the act of 1938, *supra*.

Paragraph 1 thereof reads as follows:

"1. Every exempt fireman holding an exempt fireman's certificate issued to him in accordance with the laws of this State now employed or holding any office or position except one created by the Constitution under the government of this State or any county, municipality or board of education of this State, shall continue in said employment, office or position during good behavior and shall not be removed from said employment, office or position except for good cause shown after a fair and impartial hearing upon written charges preferred against him."

On the other hand respondents claim, among other things, that the act is unconstitutional because the object of the act is not expressed in the title. Article IV, section VII, paragraph 4 of our State Constitution. The title to the act reads as follows: "An act providing for tenure of office of exempt firemen."

We think respondents' point is well taken.

It is altogether settled that "the title of an act is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law." *Hendrickson* v. *Fries*, 45 *N. J. L.* 555 (at *p.* 563). Thus the enabling part of the law cannot be construed so as to give it a material scope beyond the object expressed in the title. *Jordan* v. *Moore*, 82 *Id.* 552 (at *p.* 554); 82 *Atl. Rep.* 850; *Addotta* v. *Blunt*, 114 *N. J. L.* 85 (at *p.* 88); 176 *Atl. Rep.* 105. The same principles apply, for example, in cases where an amendatory act includes additional objects without properly amending the title of the act to include such additional objects. *Hedden*

v. *Hand,* 90 *N. J. Eq.* 583; 107 *Atl. Rep.* 285; *Davison* v. *Patterson,* 94 *N. J. L.* 338; 110 *Atl. Rep.* 827.

While it is true that the title to an act is only a label and not an index thereto, that we follow a broad and liberal policy to the end of validating legislation if such a course be at all reasonably practical, that we do not indulge in hypercriticism; it is also true that the requirements, that the title of an act shall express its object in a general way so as to be intelligible to the ordinary reader (*Ott* v. *Braddock,* 119 *N. J. L.* 507; 197 *Atl. Rep.* 271, and cases therein collated), and that the title be not deceptive, must, nevertheless, be satisfied. *State* v. *Guida,* 119 *N. J. L.* 464; 196 *Atl. Rep.* 711.

Now the ordinary reader knows, or is assumed to know, that there is a well defined and recognized distinction between an "office," a "position" and an "employment." *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200; 82 *Atl. Rep.* 528.

Here, as we have seen, the title of the act relates to tenure of "office" of exempt firemen; the body of the act, however, relates not only to tenure of "office" but additionally relates to tenure of "position" and to tenure of "employment" of exempt firemen.

Prosecutor's argument that the "public understands the term of 'tenure of office' to mean the protection of an employe from being dismissed from his employment for reasons other than incompetence and misbehavior," lacks persuasion. There is no basis for any such understanding. For, it is clear that prior to the act of 1938, *supra,* the claimed protection was limited solely to an exempt fireman who held either a "position or office." *R. S.* 40:47-60. The same is true as to judicial interpretations thereof.

The three specific cases relied on by prosecutor, and presently analyzed, do not support the claim that their holding is consonant with the claimed public understanding of the term "tenure of office."

In *Cahill* v. *West Hoboken,* 90 *N. J. L.* 398; 101 *Atl. Rep.* 417, the patrolman held an office although the opinion at times talks of a position.

In *Colgarry* v. *Street Commissioners of Newark,* 85 *N. J. L.* 583; 89 *Atl. Rep.* 789, the phrase "Board of Works Tenure

of Office act" was a mere colloquialism, as position was in the Cahill case.

In *Paddock* v. *Hudson County Board of Taxation,* 82 *N. J. L.* 360; 83 *Atl. Rep.* 185, the question related to the abolition of an "office" and the word was used advisedly.

We mark the fact that we have, of course, not overlooked our recent decision in the case of *Dooley* v. *Roberson et al.,* 123 *N. J. L.* 51, in which we considered and held applicable the act of 1938, *supra.* In that case, although the point was not decided, the exempt fireman held an office—"water purveyor"—in the water department of the city of Bayonne; and the constitutionality of the act was not raised.

We are entirely satisfied that the object of the act is not expressed in the title; that the title is deceptive; and that the enacting part of the law is beyond the object expressed in the title of the act. So appraised, the act of 1938, *supra,* under the facts of this particular case, falls.

This leads to a discharge of the rule to show cause. In light, however, of the claim that a question of public policy is involved and that a review of our decision may be desired, a formal record may in such case be made up, consisting of a writ of *certiorari* and return thereto, with depositions or stipulations of facts, pursuant to a rule for that purpose, making up a record on which judgment may be entered dismissing the writ. A rule looking toward the formation of such a record may be presented by counsel. *Cf. Dimona* v. *Mariano et al.,* 123 *N. J. L.* 75; *Advance Development Corp.* v. *Jersey City, Mayor and Aldermen,* 105 *Id.* 234; 143 *Atl. Rep.* 447; *Ford Motor Co.* v. *Fernandez,* 114 *N. J. L.* 202, 203, 204; 176 *Atl. Rep.* 152; *Hefter* v. *Bradway,* 115 *N. J. L.* 81, 85; 178 *Atl. Rep.* 199.

Cases 246 and 247 (apparently companion cases) were also submitted on briefs, but no record was submitted in either case. We are advised that they were submitted, as aforesaid, with No. 248 (the instant case) and are, accordingly, controlled by our decision therein.