ROY D. KEEHN, AS RECEIVER OF CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO, PLAINTIFF-APPELLANT, v. CLARENCE K. LAUBACH AND WILLIAM BUCHECKER, INDIVIDUALLY AND DOING BUSINESS UNDER THE NAME AND STYLE OF LAUBACH TRANSPORTATION CO., DEFENDANTS-APPELLEES.

Submitted January 9, 1945—Decided September 13, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the appellant, *Samuel M. Hollander* (*Emanuel Thebner,* of the New York bar, on the brief), (*Seymour Bodner,* of counsel).

For the appellees, *Lewis S. Beers.*

*Amicus curiæ, Walter D. Van Riper,* Attorney-General (*Louis J. Cohen,* Assistant Attorney-General, of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Plaintiff, as successor receiver of Central Mutual Insurance Company of Chicago, Illinois, appeals from a judgment in favor of defendant Clarence K. Laubach.

Plaintiff in his stated capacity sued Clarence K. Laubach and William Buchecker, individually and trading as Laubach Transportation Co., to recover an insolvency assessment of $385.90 levied against them as members and holders of an insurance policy issued to them by the Central *Mutual* Insurance Company. There was no service as to Buchecker. The case was tried as to Laubach by the trial judge, without a jury, on a stipulation of facts.

The trial judge concluded that the broker who solicited the policy from the defendants was soliciting for the Company in this state and since neither he nor the Company was authorized to do business in this state (*R. S.* 17:17–12), the Company could not resort to any court in this state to recover "for any assessment made upon the policy." *R. S.* 17:32–10 . See *Keehn v. Laubach*, 22 *N. J. Mis. R.* 380; 39 *Atl. Rep.* (2*d*) 73.

Plaintiff's single specification of the determination with which he is dissatisfied in point of law is that the District Court erred in entering judgment for the defendant, instead of entering judgment for the plaintiff, because on the basis of the facts as "stipulated between the parties and the exhibits introduced into evidence in said cause," the plaintiff was entitled to judgment as claimed in the state of demand as a matter of law.

The record, as submitted, does not contain any of the exhibits introduced into evidence. Nor does it contain any of the exhibits marked as filed in the "Clerk's (District Court) Docket Entries." Nor does it contain the stipulation of the facts upon which the case was in fact submitted to the trial judge. Nor does the stipulation set down in the defendant's brief appear to conform to the one referred to in the opinion of the trial judge. Nor does the stipulation upon which this appeal is submitted to us, evidently in the attempt to comply with *R. S.* 2:32–209 (Agreed Case), conform to either of the other two. It is frankly admitted that the stipulation submitted to us contains facts which were included by agreement between counsel and which facts were not contained in the stipulation which had been submitted to the trial judge.

In other words, we are asked to determine this case upon

a record which was not before the trial judge. We sanction no such procedure in this type of a case. We are entitled to a proper record, a record that bespeaks the proofs which were in fact submitted to the trial judge and not on proofs which counsel may agree should be included and made part of the record below. Counsel may not by stipulation deprive this court of a proper record. *Cf. Newark v. Civil Service Commission*, 13 *N. J. Mis. R.* 444, 445; 178 *Atl. Rep.* 201; *Advance Development Corp.* v. *Mayor, &c., Jersey City*, 105 *N. J. L.* 234; 143 *Atl. Rep.* 447; *Ford Motor Co.* v. *Fernandez*, 114 *N. J. L.* 202; 176 *Atl. Rep.* 152.

In the circumstances, we could with propriety affirm the judgment below. *Cf. Steinberg* v. *Mindlin*, 94 *N. J. L.* 32; 110 *Atl. Rep.* 569. In light, however, of the importance of the issues involved, namely, the application of the Insurance Laws of the state invoked in view of the holding in *United States* v. *Southeastern Underwriters Association*, 322 *U. S.* 533–595; 88 *L. Ed.* 1440 (see *U. S. Code, Congressional Service* (1945), *No.* 2, *pp.* 31 and 2–14, *et seq.*), and in view of the asserted applicability of the full faith and credit clause (article IV, section 7, of the federal constitution) to the judicial proceedings in Illinois approving the assessment, we choose to continue the practice set down in the cases of *Advance Development Corp.* v. *Mayor, &c., Jersey City, supra*, and *Ford Motor Co.* v. *Fernandez, supra*, and dismiss the appeal for the want of a proper record. That dismissal is, however, without prejudice and without being understood as indicating any opinion as to the conclusions reached by the trial judge. And if this cause is re-tried, we suggest, in view of the constitutional issues raised, that consideration be given to the need for proofs as to the relationship between the broker and the parties, and as to whether the insolvent company did business in our state within the meaning indicated in *Hoopeston Canning Co.* v. *Cullen*, 318 *U. S.* 313; 87 *L. Ed.* 777, and *Osborn* v. *Oslin*, 310 *U. S.* 53; 84 *L. Ed.* 1074, and as to the legal effect of the judicial proceedings in the State of Illinois which resulted in the approval of the assessment.

No costs are allowed to either party.