81 N.J. Super. 22 (1963)
194 A.2d 512
MICHAEL J. AMODIO, APPELLANT,
v.
CIVIL SERVICE COMMISSION OF THE DEPARTMENT OF CIVIL SERVICE, AND TOWNSHIP OF WOODBRIDGE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1963.
Decided October 23, 1963.
*23 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Max A. Boxer argued the cause for appellant.
Mr. Stewart M. Hutt, Township Attorney, argued the cause for respondent Woodbridge Township.
Miss Marilyn H. Loftus, Deputy Attorney General, appeared for respondent Civil Service Commission, which filed a statement in lieu of brief (Mr. Arthur J. Sills, Attorney General, attorney; Mr. William L. Boyan, Deputy Attorney General, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a decision of the Civil Service Commission upholding respondent Woodbridge Township's abolition of the position of purchasing *24 agent, and dismissing the appeal of Amodio, whose services as purchasing agent had been terminated.
Amodio contends that (1) the facts do not support the findings and decision of the Commission; (2) the position of purchasing agent was not in fact abolished; (3) the township cannot use the claim of "economy" as a device for circumventing his tenure rights under the Civil Service Act and the Veterans' Tenure Act, and (4) the township violated N.J.S.A. 11:26D-1, which requires 45 days' notice of layoff or separation from service on the ground of economy.
The township contends, and the Commission so found, that the position of purchasing agent was abolished and the duties assigned to the township's business administrator for reasons of economy and efficiency, and that the governing body had acted in good faith. Amodio claims that this action was politically motivated and "economy" was used as an excuse to turn him out of office. The resolution of these conflicting positions turns on the facts which were fully exposed at the hearing and given detailed consideration by the Commission in its decision.
Woodbridge Township adopted the provisions of Revised Statutes, Title 11, Subtitle 3, Civil Service, in November 1947. On December 29, 1959 the outgoing Democratic administration adopted an ordinance establishing and organizing a purchasing board pursuant to R.S. 40:50-7, composed of the governing body and to be known as the purchasing department. Section 3 of the ordinance stated that the department was to be in charge of and administered by the township purchasing agent. The position was in the classified service; on June 10, 1960 Amodio took the civil service examination scheduled for the position and was thereafter certified. On October 18, 1960 the township governing body by resolution appointed Amodio purchasing agent as of October 1. He held that position until its abolition and his dismissal on the grounds of economy.
As a result of the November 1961 general election, the Democratic Party returned to power January 1, 1962. The *25 new township committee consisted of nine Democrats and two Republicans. Mayor Zirpolo and Committeeman Jacks, who testified before the Commission in support of the ordinance abolishing the position of purchasing agent, were members of the majority. Amodio is a Democrat.
On January 16, 1962 there was introduced an ordinance to amend the ordinance creating the purchasing board. Its preamble recited that the governing body "finds that the functions of the Purchasing Agent does [sic] not require a full time employee, especially in view of the fact that the initial organizational steps have been accomplished over the last two (2) years and this Governing Body deems it necessary for reasons of efficiency and economy to have the functions of the Purchasing Agent be performed by the Business Administrator of the Township of Woodbridge." The ordinance provided that the duties and functions of the purchasing agent were to be assumed by the business administrator in addition to the other duties and functions assigned to him under an ordinance creating his office. The business administrator was not to receive any additional compensation for this increased responsibility. The position of the incumbent purchasing agent was automatically terminated as of the date the amendatory ordinance took effect. The amendatory ordinance was adopted on February 6 and published, as prescribed by law, on February 8, 1962.
On January 17, 1962 the assistant township attorney wrote Amodio by certified mail that an ordinance abolishing his position as purchasing agent had been introduced and passed on first hearing at the township committee meeting held January 16. The letter stated that in accordance with the provisions of N.J.S.A. 11:26D-1, Amodio was notified that his position would be abolished and his services dispensed with "effective 45 days from today, to wit: March 3, 1962." A copy of the letter was sent to the Civil Service Commission, as required by the cited statute. The letter was delivered at the Amodio home on January 19, 1962.
*26 Despite the notice date of March 3, it was decided to pay Amodio through March 5, and this is evidenced by the employee's earnings record introduced in evidence, as well as a check drawn to his order. Amodio does not contend that he was not paid up to and including March 5, but argues, as he did before the Commission, that he had received less than 45 days' notice, only 43 days elapsing between the receipt of the assistant township attorney's letter on January 19 and the March 3 date. Accordingly, he insists, the requirement of N.J.S.A. 11:26D-1 had not been met, so that his dismissal from office was improper.
N.J.S.A. 11:26D-1 provides:
"No person holding office, position or employment in the classified service of the civil service under * * * any * * * municipality * * * shall be laid off or separated from such service because of economy or otherwise, and not because of any delinquency or misconduct on his part, nor shall his position or office be abolished until after he shall have first been given notice in writing, personally or by certified mail, of the date upon which he will be laid off or his services so dispensed with, and the reasons therefor. The said notice shall be served at least 45 days before the lay-off or abolition becomes effective, and a copy of the said notice shall also be served upon the Civil Service Commission in the same manner. Upon receiving such notice it shall be the duty of the Chief Examiner and Secretary to forthwith determine the said employee's re-employment or demotional rights of such employee and thereafter promptly notify both the employee and the appointing authority of such determination of re-employment and demotional rights."
The Commission concluded that Amodio had received the necessary 45 days' notice, construing the service by certified mail provision in N.J.S.A. 11:26D-1 to mean 45 days from the date the letter was certified and deposited in the mails. In its opinion, the township authorities had not tried to circumvent the statute, the letter notice mailed to Amodio had been sent in the firm belief that the statute was being complied with, and in any event the township showed its good faith by adding two days, so as to extend the March 3 date to March 5.
The statute is silent as to when the 45-day notice period commences to run. In the absence of informative express *27 language, the wording of the statute must be construed in the light of its purpose. Counsel for appellant concedes that the purpose of the statute was "to take care of a very inequitable situation that had existed heretofore where the employee was not given ample time in order to prepare his own affairs and perhaps take steps to get other employment and give him a chance to find out what his demotional or re-employment rights were." That this is so is indicated by the very language of the statute itself, for it provides that upon receiving a copy of the notice, the Chief Examiner and Secretary has the duty of forthwith determining what the employee's re-employment or demotional rights are, thereafter promptly notifying both the employee and the appointing authority of such determination.
Service of notice by mail, when authorized, is deemed complete when deposited in the post office, properly addressed and with the proper amount of postage. Cf. 42 Am. Jur., Process, § 60, p. 48 (1942), cited with approval in Borgia v. Board of Review, 21 N.J. Super. 462, 467 (App. Div. 1952), stating the general rule where service of process by mail is authorized.
The question in Apex Roofing Supply Co. v. H.W. Elliot Co., 52 N.J. Super. 522 (Cty. D. Ct. 1958), was whether timely notice had been given the owners of the filing of a mechanic's notice of intention. The statute, N.J.S. 2A:44-71, required that notice in writing be given the owner "personally or by registered mail," addressed to his last known address, within five days of the filing of the notice of intention. Unless such notice was given, the filing of the notice of intention was to have no force or effect. The court held that registered mail notice given the owners was sufficient although not received within five days after the filing of the notice of intention. And see Elliot-Farber Roofing & Siding Supply Co. v. Saitta, 79 N.J. Super. 568 (App. Div. 1963).
In Pacific Discount Co., Inc. v. Jackson, 68 N.J. Super. 331 (App. Div. 1961), reversed 37 N.J. 169 (1962), plaintiff sought to reverse a county district court judgment denying *28 it recovery in a deficiency action brought against the conditional buyer of an automobile which had been repossessed and sold. The issue was whether proper written notice of the resale had been sent to defendants under R.S. 46:32-25, which called for such notice "either personally or by registered mail," directed to the last-known place of business or residence. Plaintiff had sent the notice by certified mail, but it had never been received by either defendant. The Appellate Division held that actual receipt of the notice was not essential, but concluded that the notice was defective because not sent by registered mail. The Supreme Court agreed that actual receipt of the notice was not prerequisite to a valid resale (37 N.J., at page 171), but reversed the Appellate Division, holding that notice could be sent by either certified or registered mail.
That proper service is effected under the statute when the notice is correctly addressed and mailed, see Ford v. Genereux, 104 Colo. 17, 87 P.2d 749 (Sup. Ct. 1939). Cf. Borgia v. Board of Review, above; Klappert Moving & Storage Warehouse v. Muehlenkamp, 256 Ky. 506, 76 S.W.2d 597 (Ct. App. 1934); McCoy v. Bureau of Unemployment Compensation, 81 Ohio App. 158, 77 N.E.2d 76 (Ct. App. 1947).
It is to be observed, in passing, that N.J.S.A. 11:26D-1 could have said that notice must be received to be effective. It does not, and this becomes significant because the last sentence of the statute speaks of the receipt of a copy of the notice by the Chief Examiner and Secretary. "Receipt" or "received" does not otherwise appear, so that it can be said that the statute distinguishes between the giving of notice and the receiving of such notice.
We therefore hold that the 45-day period under N.J.S.A. 11:26D-1 starts running from the date that written notice is mailed by certified mail to the employee. It is undisputed that the letter notice sent Amodio was posted January 17, 1962, 45 days before March 3, the effective date of dispensing with his services.
*29 But if we were to assume, as Amodio contends, that the time ran from January 19, when he received the letter, we would still hold that the essential purpose of the statute had been satisfied. Prior to the adoption of N.J.S.A. 11:26D-1 (L. 1961, c. 18) the statutory scheme did not require any notice to the municipal employee when his job was abolished for reasons of economy. See Colgarry v. Newark Board of Street and Water Com'rs., 85 N.J.L. 583 (E. & A. 1914). In passing the 1961 act, the Legislature must have considered that lack of notice worked hardship on the person whose job was abolished, and it therefore provided for notice. Aside from the fact that such notice of the pending abolition of the job would give the employee time to find new employment and give him the benefit of what, in effect, was 45 days' severance pay, the statute, as we have already observed, sets out the main reason for the notice  that the Chief Examiner and Secretary might promptly determine the employee's re-employment or demotional rights and notify him and the appointing authority of the determination. Such determination was made in Amodio's case, and he was so notified. He was also given 45 days' pay. He suffered no prejudice. It follows that even were we to give the statute the technical construction for which Amodio contends  i.e., that the 45 days ran from the time of receipt of the notice  the fact that only 43 days had elapsed on March 3 was not material in the absence of prejudice. Cf. Stahl v. Paterson Board of Finance, 62 N.J. Super. 562, 588 (Law Div. 1960). The statute must be given a practical and reasonable construction, and not a strained one. See DeLisle v. Camden, 67 N.J. Super. 587 (App. Div. 1961).
The question remains as to whether the facts support the findings and decision of the Civil Service Commission. Amodio, as noted, claims that the position of purchasing agent was not abolished for reasons of economy and efficiency, but that he was removed for political and personal reasons. No purpose would be served in reviewing the testimony adduced at the Commission hearing; it is set out at some *30 length in the Commission's decision, including those items of testimony upon which Amodio particularly relies in support of his claim that political and personal reasons motivated his separation from service.
The basic principles applicable in a review of administrative agency action have been firmly established in recent years. The appellant has the burden of overcoming the presumption of reasonableness that attaches to the agency determination, Elizabeth Federal Savings & Loan Ass'n. v. Howell, 24 N.J. 488, 508 (1957). He must affirmatively demonstrate that the findings and conclusions reached are arbitrary, capricious or unreasonable, or that the agency determination lacked fair support in the evidence, or violated legislative policies expressed or implied in the Civil Service Act, Campbell v. Department of Civil Service, 39 N.J. 556, 562 (1963). If there is substantial evidence on the whole record to support the Commission's judgment, it is our duty to affirm, Ogden v. Department of Civil Service, 77 N.J. Super. 296, 303 (App. Div. 1962), certification denied 39 N.J. 238 (1963). The substantiality test is satisfied when the evidence is of such quality as a reasonable mind might accept as adequate to support the conclusion. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938), quoted in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456, 462 (1950). And see Atkinson v. Parsekian, 37 N.J. 143, 149 (1962); Hornauer v. Division of Alcoholic Beverage Control, 40 N.J. Super. 501, 503 et seq. (App. Div. 1956).
We find substantial support in the proofs for the determination reached by the Commission. The municipality had the right to abolish the position of purchasing agent regardless of its motive in doing so, provided that actual economy and efficiency resulted. Santucci v. Paterson, 113 N.J.L. 192, 195 (Sup. Ct. 1934). We are convinced that the township action accomplished exactly that result. As was *31 said in Paddock v. Hudson County Tax Board, 82 N.J.L. 360 (Sup. Ct. 1912), it was not the design of the Civil Service Act to perpetuate offices regardless of whether they were needed or not.
Appellant's separation from employment is presumed to have been done in good faith, and his was the burden to show the contrary. Sieper v. Department of Civil Service, 21 N.J. Super. 583, 586 (App. Div. 1952). The claim of removal for political and personal reasons has also been raised in other cases, as in Elwell v. North Bergen Township, 13 N.J. Super. 330, 333 (App. Div. 1951). The court there said that assuming petitioner's charge that politics contributed substantially to his dismissal, as against the asserted ground of economy, the proofs were insufficient to overcome the presumption of good faith and failed to show impairment of departmental efficiency. Accordingly, it was of no consequence that other considerations contributed to his layoff. And see Chirichella v. Department of Civil Service, 31 N.J. Super. 404, 410 (App. Div. 1954).
The case of City of East Orange v. Civil Service Commission, 132 N.J.L. 181 (Sup. Ct. 1944), on which Amodio relies, is completely distinguishable; economy was found not to be the motivating consideration and the office in question remained in existence. The office of purchasing agent here has not continued in existence. All of the functions and duties of that office have been transferred to the business administrator, without additional cost and with increased effectiveness and efficiency. So, too, the court in Viemeister v. Prospect Park Board of Education, 5 N.J. Super. 215 (App. Div. 1949), found that the position there involved was not in substance abolished. Greco v. Smith, 40 N.J. Super. 182 (App. Div. 1956), upon which Amodio places heavy reliance, is not factually apposite and is clearly distinguishable.
The action of the Civil Service Commission is therefore affirmed.