COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, JAMES CANN, THOMAS EVERITT, DARLENE BARGO, SALLY ANN ZIPF, MAUREEN HOFFMAN, JOSEPH YEAGAR, BERTHA TILLMAN AND BARRY HANTMAN, PLAINTIFFS-APPEL-LANTS, v. NEW JERSEY CIVIL SERVICE COMMISSION, DE-FENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1983—Decided June 2, 1983.

Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.

*Steven P. Weissman* argued the cause for appellants (*Thomas G. Adair,* of counsel).

*Mark J. Fleming,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

PER CURIAM.

The sole question raised by this appeal is whether certain State employees, who were terminated as part of a mass layoff to balance the State budget for fiscal year 1982–1983, received the 45 day notice required by *N.J.S.A.* 11:26D–1. On or about June 14, 1982, general notices of layoffs were served personally or by certified mail upon all of the classified workers of the State's 20 departments. Not all of the employees receiving this notice were terminated. All of the employees who were eventually terminated remained on their jobs for more than 45 days after June 14, 1982. The Civil Service Commission determined that the June 14, 1982 notice satisfied the requirements of *N.J.S.A.* 11:26D–1. The Union has appealed. We now affirm.

The 45 day notice of layoffs provided that the effective date was July 29, 1982. It further stated that "[a]t the present time it is not possible to determine the exact effect on all employees." This was so because specific positions had not been targeted, and the final details of the State budget would not be formulated until the last week in June. Also, the Governor was not expected to sign the appropriations bill until June 30, 1982. The notices were sent in June because it was not until that month that administration officials determined that a significant reduction of personnel throughout the state departments would have

to be implemented as soon as practicable after the beginning of the new fiscal year on July 1, 1982.

Subsequent to the distribution of the notices on June 14, administration officials concluded that an extension of the July 29, 1982 effective date of the layoffs was necessary in order to determine the lateral displacement, demotional and other bumping rights of individuals occupying the affected positions. The 20 state departments set various effective dates for the reduction in force ranging from late August 1982 to November 1982 in order to implement a large scale layoff.

When the state agencies determined the specific positions to be eliminated, the employees occupying those positions were served with additional notices of layoff. In this notice, affected employees were informed that the effective date of the layoff had been extended to a specified date. Notwithstanding the fact that these additional notices were not in all cases served 45 days prior to the actual layoff date, the Commission concluded that the statutory requirements were satisfied.

The reasoning of the Commission is persuasive. It observed:

N.J.S.A. 11:26D–1 requires that a copy of the employee's 45 day notice be served on Civil Service so that the employee's rights may be computed and the employee and appointing authority notified of said rights. The calculation of these rights is quite complex (see N.J.A.C. 4:1–16.2). For instance, the calculation of demotional rights entails a determination of which lower positions have similar duties, responsibilities, qualifications (equal or to a lesser degree), and whether an employee in the affected title could perform the duties of the selected titles.

It often takes three to four weeks to determine the rights of the first group of employees whose positions are selected for abolition. As discussed above, these employees must select among their rights, thus identifying the next group of employees affected and so on. If N.J.S.A. 11:26D–1 were strictly construed to require a separate 45 day notice period for each employee as s/he becomes identified, it has been estimated that it could take six to eight months or longer to finally effectuate a mass layoff.

The Court, in *Amodio v. Civil Service Commission, supra,* and *Irvington v. Huhn,* 81 N.J.Super. 22 (App.Div.1963), has construed the technical requirements of N.J.S.A. 11:26D–1 with a view towards substantial compliance without prejudice to the affected employees. Mindful of the administrative complexities

attendant upon layoffs, it is this approach that the Civil Service Commission has, of necessity, adopted in administering this statute. The unreported case of *Charnack* must be reviewed in conjunction with these cases and the administrative problems encountered in a mass layoff. *Charnack* is distinguishable in that appellants did not see the 45 day notice that was posted and first received service of any notice of layoff only 26 days prior to the effective date of the layoff. The practice regarding service of the 45 day notice was changed in accordance with *Charnack* and now follows the provisions of N.J.S.A. 11:26D–1 in that general notices are served personally or by certified mail.

The Commission's practice and regulations have been developed to accommodate the need to afford employees adequate notice of an impending layoff, as required by statute, with the recognition of the substantial difficulties attendant upon implementation of large scale layoffs. Indeed, it might be argued that employees have received more than the statutorily required 45 day notice of layoff. It must also be emphasized that the Department of Civil Service and other State agencies consulted with, received and followed advice from the office of the Attorney General concerning the procedures to be followed in this layoff.

The Commission avoided an overly technical construction of *N.J.S.A.* 11:26D–1 and gave it a reasonable interpretation. See *Marranca v. Harbo,* 41 *N.J.* 569, 574 (1964). It found that the notice in question was in substantial compliance with the statute. *Amodio v. Civil Service Commission,* 81 *N.J.Super.* 22 (App.Div.1963). In view of all the facts, the affected employees "had sufficient notice that [their] employment status was in jeopardy." *Irvington v. Huhn,* 81 *N.J.Super.* 489, 493 (1963). They were apprised that "[t]his notice is the 45 day notice of layoff required by Civil Service law and rule."

The decision of the Commission was not arbitrary, unreasonable or in derogation of the controlling statute. "[T]he opinion as to the construction of a regulatory statute of the expert administrative agency charged with the enforcement of that statute is entitled to great weight and is a 'substantial factor to be considered in construing the statute.' " *New Jersey Guild of Hearing Aid Dispensers v. Long,* 75 *N.J.* 544, 575 (1978) (quoting *Youakim v. Miller,* 425 *U.S.* 231, 235, 96 *S.Ct.* 1399, 1402, 47 *L.Ed.2d* 701 (1976)).

Accordingly, the decision of the Commission is affirmed.