214 N.J. Super. 167 (1986)
518 A.2d 758
CARMEN D. GUZMAN, PLAINTIFF-APPELLANT,
v.
CITY OF PERTH AMBOY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1986.
Decided December 4, 1986.
*169 Before Judges PETRELLA, GAYNOR and SCALERA.
Ronald R. Kogos, for appellant.
Dwyer, Connell & Lisbona, for respondent (Gerould J. Goetz on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The complaint filed by plaintiff against the City of Perth Amboy was dismissed on defendant's motion for summary judgment on the ground that plaintiff had not complied with the notice provisions of the Tort Claims Act (the Act), N.J.S.A. 59:1-1, et seq. On this appeal plaintiff contends that she complied with the Act, or if she did not there are "sufficient *170 reasons" and a lack of substantial prejudice to Perth Amboy so that her claim should be authorized under N.J.S.A. 59:8-9. Alternatively, plaintiff argues that defendant misled her to her prejudice and should be estopped to assert a defense of lateness of formal notice.
The injury which gave rise to the claim involved in these proceedings occurred on October 14, 1983 when plaintiff fell on premises allegedly owned by Perth Amboy. Plaintiff retained an attorney, Mathias E. Rodriguez, in connection with her injury. The record contains a letter, dated January 9, 1984, from Antonio L. Cruz of Rodriguez's office to Perth Amboy purporting to give notice of plaintiff's claim in accordance with N.J.S.A. 59:8-4 and 59:8-8. January 9, 1984 was 87 days after the accident. A green post office certified mail return receipt card which had accompanied the letter contains a "Kilmer Facility" postmark date of February 22, 1984 on the signature side of the card. A blurred "Perth Amboy" postmark on the return address side appears to bear the date February 25, 1984. The copy of the letter presented by defendant Perth Amboy bears a date stamp indicating that the municipality received it on February 24, 1984. That date is 46 days after the date of the letter and 43 days past the 90-day limit period in N.J.S.A. 59:8-8a.
On or about July 18, 1984 plaintiff retained her present attorney. When plaintiff's new attorney received the file from the prior attorney, he wrote a letter dated August 20, 1984 to Perth Amboy advising that he had been substituted as attorney and enclosing a copy of Cruz's letter dated January 9, 1984.
Perth Amboy never responded to either the letter from Cruz or to the August 20, 1984 letter. After plaintiff instituted suit on March 4, 1985, defendant moved for and obtained summary judgment on the ground that the notice of claim was untimely. An order for summary judgment was entered in defendant's favor on July 19, 1985. Plaintiff's attorney thereafter obtained an August 9, 1985 affidavit from Cruz stating that he had *171 prepared and signed the January 9, 1984 certified mail letter, which he asserted gave proper and timely notice under the Act to Perth Amboy. In addition, a secretary employed by Rodriguez's office stated in her August 9, 1985 affidavit:
2. On January 9, 1984, I was instructed by Antonio L. Cruz, Esquire to type and mail out a certified letter to the City of Perth Amboy, in accordance with the New Jersey Tort Claims Act, with regard to the matter of Carmen Guzman vs. City of Perth Amboy. Said copy of letter is attached hereto.
3. On January 9, 1984, I dropped off the certified letter to the City of Perth Amboy in a mail box in the City of Perth Amboy.
These affidavits were submitted by plaintiff for the first time in connection with a motion for "reconsideration"[1] dated August 12, 1985. The motion was denied by order entered September 25, 1985. Plaintiff has appealed.
Failure to comply with the 90-day requirement of N.J.S.A. 59:8-8a, unless application is made within one year under N.J.S.A. 59:8-9, bars suit against the public entity. See generally, Priore v. State, 190 N.J. Super. 127 (App.Div. 1983); Bell v. County of Camden, 147 N.J. Super. 139 (App.Div. 1977); Department of Transportation v. P.S.C. Resources, Inc., 159 N.J. Super. 154 (Law Div. 1978); Reale v. Township of Wayne, 132 N.J. Super. 100 (Law Div. 1975). Plaintiff did not file a motion for permission to submit a late notice of claim within one year of the accrual of her claim as provided for in N.J.S.A. 59:8-9. Thus, absent timely notice in this case to the public entity, plaintiff's claim would be barred. We note also that the *172 filing of a complaint would not be a substitute for the notice required by statute, whether the complaint was filed within the 90-day or the one-year period. Martin v. Tp. of Rochelle Park, 144 N.J. Super. 216, 221 (App.Div. 1976); Madej v. Doe, 194 N.J. Super. 580, 589 (Law Div. 1984); Reale v. Tp. of Wayne, supra (132 N.J. Super. at 111-112). Timely statutory notice is a prerequisite. Hence, we reject as without merit plaintiff's argument that her claim should have been considered timely under N.J.S.A. 59:8-9 even though no motion was filed within the one-year period.
The Legislature has provided for presentation of a notice of claim by either delivery or certified mail. N.J.S.A. 59:8-10 provides:
a. A claim shall be presented to the public entity by delivering it to or mailing it certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action. A claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity. [Emphasis supplied.]
b. A claim or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received at an office of the State or local public entity within the time prescribed for presentation thereof.
Subsection a contemplates delivery by hand or the use of certified mail. There is no statutory requirement that a return receipt be obtained, although that is obviously the better practice. Under subsection b, ordinary mail actually received by the public entity, or even some other mode of receipt within the prescribed time, would be sufficient. See Hammond v. Paterson, 145 N.J. Super. 452, 455 (App.Div. 1976).
If the Act said no more, there might be an argument that the certified mail requirement contemplates actual delivery of the certified mail within the 90 days, because, unlike ordinary mail, a rebuttable presumption of delivery does not arise when certified or registered mail is used. See Hammond v. Paterson, supra (145 N.J. Super. at 455). However, N.J.S.A. 59:8-11 provides:

*173 The claim shall be deemed to have been presented and received at the time of the deposit. Proof of mailing may be made in the manner prescribed by the Rules of Court. [Emphasis supplied.]
The term "deposit" is not defined in the Act. The reference in the 1972 statute (enacted by L. 1972, c. 45) to "proof of mailing" reflects an awareness by the Legislature of the Court Rules and the then extant procedures thereunder. See R. 1:5-3 and 1:5-4. The Court Rules have consistently provided that service by ordinary mail is complete upon mailing, R. 1:5-4(b), and that rule applied to certified and registered mail before the November 1, 1985 amendment (effective January 2, 1986) to subparagraph (b) of R. 1:5-4. R. 1:5-4 presently provides:
(a) Service by Ordinary Mail If Registered or Certified Mail is Required and Is Refused. Where under any rule, provision is made for service by certified or registered mail, service may also be made by ordinary mail simultaneously or thereafter. If the addressee fails or refuses to claim or to accept delivery of certified or registered mail, the ordinary mailing shall be deemed to constitute service.
(b) Service Complete on Mailing. Service by mail of any paper referred to in R. 1:5-1, when authorized by rule or court order, shall be complete upon mailing of the ordinary mail. If no ordinary mailing is made, service shall be deemed complete upon the date of acceptance of the certified or registered mail.
However, at the time of enactment of the Act service of papers (other than initial process) under the Court Rules was generally complete upon mailing.[2] Mail service would be presumed effective, absent specific designation to the contrary, when a document was mailed or deposited in the post office or a mail box with sufficient postage. Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., 93 N.J. Super. 14, 20 (App.Div. 1966). Obviously, the 1986 amendment to the rule would not amend the Act or change the 1972 legislative intent. This being the case, then the question must focus on the actual date of mailing of the certified mail letter by plaintiff's former attorney's office.
*174 The close proximity of the words "deposit" and "mailing" in N.J.S.A. 59:8-11 indicates that these words were used somewhat interchangeably as applied to certified mailing. We are satisfied that the Legislature thereby intended that the giving of notice by certified mail was complete and deemed received within time upon deposit or mailing, with the appropriate postage prepaid, within 90 days of the accrual of the claim. See N.J.S.A. 59:8-11. Had the Legislature intended to require that a notice of claim would only be effective upon actual receipt by the public entity, it could easily have so specified. See Dixon v. Gassert, 26 N.J. 1, 8-9 (1958); Amodio v. Civil Service Comm'n, 81 N.J. Super. 22, 28 (App.Div. 1963); Kennan v. Bd. of Chosen Freeholders of Essex Cty., 101 N.J. Super. 495, 507 (Law Div. 1968), aff'd, 106 N.J. Super. 312 (App.Div. 1969). The Legislature may have instead provided for certified mail notice of claim to be effective on mailing either because there is a postal record of receipt maintained, see Hammond v. Paterson, supra (145 N.J. Super. at 456), or to avoid any attempt to refuse mail delivery and affect the timeliness of notice.
Moreover, the Legislature is presumed to be aware not only of its prior legislative acts, Quaremba v. Allan, 67 N.J. 1, 14 (1975); Edgewater Inv. Associates v. Borough of Edgewater, 201 N.J. Super. 267, 285 (App.Div. 1985), aff'd, 103 N.J. 227 (1986); Squires v. Atlantic Cty. Freeholder Bd., 200 N.J. Super. 496, 502 (Law Div. 1985), but of relevant case law when it enacts statutes. Brewer v. Porch, 53 N.J. 167, 174 (1969); Yacenda Food Mgmt. Corp. v. N.J. Highway Auth., 203 N.J. Super. 264 (App.Div. 1985); Planning Bd. Tp. of West Milford v. Tp. of West Milford Council, 123 N.J. Super. 135, 150 (Law Div. 1973). For instance, in Amodio v. Civil Service Commission, supra (81 N.J. Super. at 22), we held that the statutory 45-day period for a notice abolishing a position of purchasing agent began to run from the date the certified mail letter was sent. We said:

*175 Service of notice by mail, when authorized, is deemed complete when deposited in the post office, properly addressed and with the proper amount of postage. (Id. at 27).
We noted that absent express language to the contrary, the wording of the statute must be construed in the light of its purpose. Ibid. See Mortimer v. Bd. of Review, 99 N.J. 393, 398 (1985) ("statutory language should be given its ordinary meaning absent specific intent to the contrary"); Serkin v. Ocean Tp., 201 N.J. Super. 392, 400 (Law Div. 1983), aff'd, 201 N.J. Super. 409 (App.Div. 1985), certif. den. 101 N.J. 308 (1985) (words which have a commonly understood meaning should be accorded that meaning).
In common understanding, mailing and depositing in the post office essentially mean that the letter, with sufficient postage prepaid thereon, is put into the custody of the federal post office authorities. Therefore, we conclude that the use in N.J.S.A. 59:8-11 of the term "deposit," and the reference to proof of mailing, evince a legislative intent that a notice of claim which is actually found to have been mailed or deposited certified mail in a mail box or at a post office, with sufficient postage and within the 90-day period in N.J.S.A. 59:8-8a, is timely and constitutes adequate notice. We emphasize that here the notice of claim was received, although beyond the 90-day period.
Delays in the postal service have been known to occur and lost mail is not unknown. These possibilities were not negated here. We find no legislative intent that the risk of postal delays of a properly posted letter is to be borne under the Act by the sender, although the burden of proof of mailing still falls on the sender.
There were no proofs regarding either the facts surrounding the mailing or the procedures regarding certified mail. See Szczesny v. Vasquez, 71 N.J. Super. 347, 352 (App.Div. *176 1962).[3] Moreover, the rulings of the trial court were made solely on the papers submitted on the motions. Those papers were directed to the adequacy and timeliness of the notice. If the trial court relied on the necessity of actual receipt of the certified mailing by the public entity within the 90-day period, it erred as a matter of law. To the extent that the judge's ruling included findings of fact as to the sufficiency of the mailed certified mail notice, it was deficient because fact findings may not properly be made on the basis of conflicting affidavits. Fusco v. Fusco, 186 N.J. Super. 321, 327-329 (App. Div. 1982); Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968).
The question of whether there was compliance with the Act here depends upon whether the facts establish compliance with the notice of claim provisions of the statute. A factual determination is required as to whether the notice of tort claim was mailed within the 90 days or beyond the 90-day period allowed by N.J.S.A. 59:8-8a. Although the time between the date of mailing and the date of receipt here is lengthy, it cannot be concluded solely on the basis of contradictory assertions in motion papers that the delay was attributable to the sender.
As we have held herein, even though receipt by the public entity may be after the 90 days, the actual date of mailing of the certified mail notice is controlling under the Act. If there is any factual dispute with respect to the date on which the January 9, 1984 letter was actually mailed, then a hearing is required at which testimony and evidence is to be presented. The inquiry should include an examination of the envelope, if available, determination of the place of mailing and whether there is a dispute as to sufficiency of postage on the envelope. See Szczesny v. Vasquez, supra (71 N.J. at 347); Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., supra (93 N.J. Super. *177 14). The inquiry may also include the procedures for using certified mail; whether the post office postmarked (as an option or requirement) the white receipt portion of the certified mail form that is usually retained by the sender, and whether any mailing date was entered thereon by plaintiff's former attorney or anyone employed in his law office.
If it is undisputed or found that the notice of tort claim dated January 9, 1984 was actually mailed by certified mail within 90 days after the accrual of plaintiff's claim, then the notice shall be considered timely and the complaint reinstated. In the event it is found that the notice was not actually so given by certified mail within that 90-day period, then plaintiff's claim against Perth Amboy will be barred.
We do not address the estoppel issue raised by plaintiff because it is essentially a factual issue and the record is inadequate to determine whether there is any basis for applying estoppel against Perth Amboy.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The affidavits would obviously not have qualified as newly discovered evidence under R. 4:50-1(b). No argument has been made that we should apply any provision of that rule. Technically, there is no motion for reconsideration in the trial courts. See Michel v. Michel, 210 N.J. Super. 218 (Chan.Div. 1985). Cf. Calcaterra v. Calcaterra, 206 N.J. Super. 398, 403 (App.Div. 1986). The time for appeal is not stayed by a motion for reconsideration or rehearing. Here, the record indicates that the July 19, 1985 order granting summary judgment to Perth Amboy was filed with the Clerk of the Superior Court on August 21, 1985. A notice of appeal from that order was filed on September 12, 1985. The August 12, 1985 order denying plaintiff's motion for reconsideration was presumably filed on or about that date. An amended notice of appeal was filed on September 16, 1985.
[2] Prior to the amendment effective January 2, 1986, R. 1:5-4(b) read:

(b) Service Complete on Mailing. Service by mail of any paper referred to in R. 1:5-1, when authorized by rule or court order, shall be complete upon mailing.
[3] Nothing in the record indicates that the postal authorities must be handed a certified mail envelope at the post office and postmark it in the presence of the person presenting it.