AXELRAD, J.T.C.
This opinion is a ■written version of my remarks on the record made on July 11, 1994.
This matter is before the court on a notice of motion by the plaintiff taxpayer, Majestic Construction Company, to dismiss defendant, Deptford Township’s, counterclaim as being untimely filed.
The facts are not in dispute. Plaintiff’s complaint appealing the 1993 tax assessment for Block 5.2, Lot 1 was “forwarded to the Clerk and the Assessor of Deptford Township by certified mail on March 23, 1993.” The complaint was marked “filed” by the Tax Court on March 24, 1993. The complaint was received by defendant’s Deputy Clerk on March 29, 1993. Defendant’s answer and counterclaim were mailed to the Tax Court on April 12, 1993 and marked “filed” on April 15, 1993. In January of 1994, the parties were notified of the trial date of June 27,1994. On March 4,1994, plaintiff withdrew its complaint. On June 22, 1994, plaintiff filed the subject motion to dismiss defendant’s counterclaim as being untimely filed. The parties consented to an adjournment of the trial date, so oral argument on the motion could be heard on July 11, 1994.
Procedurally, defendant asserts that plaintiffs failure to file an answer to the counterclaim, and/or to assert the statute of limitations as a defense to the counterclaim, constitutes a waiver of such defense, notwithstanding plaintiffs assertion that no responsive pleading is required. In support of its argument, defendant relies upon Williams v. Bell Tel. Lab., 132 N.J. 109, 623 A.2d 234 (1993) and Fees v. Trow, 105 N.J. 330, 521 A.2d 824 (1987). These cases are inapplicable as they are civil cases where responsive pleadings and affirmative defenses are required by the court rules. See R. 4:5-1, 4:5-3, 4:5-4. In the Tax Court, R. 8:3-2 permits an answer, counterclaim and other responsive pleading to be filed in a local property tax matter, but does not make such filing mandatory. Thus, in this Court there is no requirement in a local property tax matter that a jurisdictional objection be raised *320 in an answer or answer to a counterclaim. In fact, the practice in the Tax Court is that answers in local property tax matters are rarely filed, and answers to counterclaims are even rarer. Since plaintiffs motion does not fail on procedural grounds, the court will address the substantive issues raised in its motion.
The applicable statute is N.J.S.A 54:3-21, amended in response to the holding in F.M.C. Stores Co. v. Morris Plains Bor., 195 N.J.Super. 373, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985). The statute provides that a taxpayer feeling aggrieved by the assessed value of his property, or a taxing district which may feel discriminated against:
may on or before, April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000....
If a petition of appeal or a complaint is filed during the 19 days next preceding April 1, a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the clerk of the tax 00014:, as appropriate.
[N.J.S.A. 54:3-21, emphasis supplied.]
Plaintiff asserts that service was effective either upon the date of mailing of the complaint (March 23, 1993) or the date it was filed in the Tax Court (March 24, 1993). As such, plaintiff claims that defendant’s counterclaim should have been filed by April 12 or 13, 1993 to be within the statutory time period of 20 days. Plaintiff urges that defendant’s failure to file its counterclaim until April 15, 1993 constitutes a fatal jurisdictional defect. Plaintiff cites the case of Guzman v. Perth Amboy, 214 N.J.Super. 167, 518 A.2d 758 (App.Div.1986) for the proposition that the term “service” in a statute means “mailing” and that the court rules cannot be used to relax a statutory filing deadline. The Guzman case is inapplicable for several reasons. It is a tort claims notice case in which the express statutory language of The Tort Claims Act provides that a claim is “deemed received at the time of deposit.” In addition, the case involves a statutory deadline for the filing of an initial claim as opposed to a situation in which a complaint has been filed and the party receiving the notice has a responsibility to respond within a statutory time period.
*321 It is undisputed that N.J.S.A 54:3-21 does not define service; therefore, the court must refer to the court rules which govern the method and timing of service. Rule 8:5-4 permits a Tax Court complaint to be served upon the municipality by leaving a copy or sending it by ordinary mail to the assessor and municipal clerk. The proofs indicate that service was made upon defendant by certified mail. Pursuant to R. 4:6-1 service made by certified mail is “deemed complete upon acceptance,” ie., receipt. In this case it is undisputed that defendant received the complaint on March 29, 1993 and filed its answer and counterclaim within 17 days, which was well within the statutory limit.
Even if plaintiffs complaint was sent by ordinary mail, under the facts of this case, the Court finds that defendant’s counterclaim was still filed in a timely manner. Plaintiff asserts that under F.M.C. Stores Co. v. Morris Plains Bor., supra, the amending language of N.J.S.A 54:3-21 and R. 8:4-3(a) precludes the application of R. 1:3-3 to counterclaims asserted in property tax matters. Rule 1:3-3 provides that when notice of an action is mailed, the party receiving the notice has an additional three days within which to take action.
First, plaintiff points to the absence of any reference in N.J.S. A 54:3-21 “to the court rules” in contradistinction to N.J.S.A 54:51A-l(a) which authorizes an appeal of a county board action to the Tax Court and which expressly contains the phrase “pursuant to the rules of court.” Plaintiff views this omission as evidence of legislative intent not to invoke the court rules. Second, plaintiff asserts that R. 8:4-3(a) permitting counterclaims expressly excludes R. 1:3-3 from consideration. Last, plaintiff contends that the court cannot employ the court rules to extend a statutory deadline for the filing of a counterclaim in the Tax Court. F.M.C. Stores Co. v. Morris Plains Bor., supra, 100 N.J. at 423-25, 495 A.2d 1313.
Neither law nor logic supports plaintiffs position. The mere absence in a statute to a reference to the court rules does not evidence a legislative intent to exclude their use. Had the Legislature intended this result, it would have defined the word “ser *322 vice” in the amendment. If that had been the case, the words of the statute would be clear and their meaning and application plain and unambiguous, with the result that there would be no reason for judicial construction by reference to the court rules. White v. State Bd. of Tax Appeals, 123 N.J.L. 350, 358, 8 A.2d 819 (Sup.Ct.1939); Cumberland Holding Corp. v. Vineland, 11 N. J.Tax 457, 462 (Tax 1991). The omission of any definition of the term “service” in the statute logically leads the court to the definition of service in the court rules.
In addition, there is no evidence that the intent of the Legislature in enacting the amendment to N.J.S.A. 54:3-21 or of the Supreme Court in promulgating R. 8:4-3(a) was to treat a counterclaim in a property tax appeal differently from an answer or other responsive pleading’ by prohibiting reference to R. 1:3-3 only in the case of counterclaims. Under plaintiffs logic, a strict construction of the amended statute and court rule could lead to the absurd conclusion that counterclaims filed in response to complaints “filed during the 19 days next preceding April 1” and served by ordinary mail would not receive the additional three days afforded by R. 1:3-3. In contrast, if the complaint was filed 20 days prior to April 1 or on April 1 and served by regular mail, the additional three days would be available to the counterclaim-ant.
The last paragraph of N.J.SA. 54:3-21, enacted in response to F.M.C. Stores Co. v. Morris Plains Bor., supra, and implemented by R. 8:4 — 3(a), simply permits a counterclaim to be filed within 20 days after service notwithstanding the fact that the statutory deadline may have ran for filing a property tax appeal. The rationale is to afford the responding party an equal amount of time to file a counterclaim in property tax appeals that are filed close to the April 1 deadline.
The court disagrees with plaintiffs interpretation of R. 8:4-3(a) as foreclosing application of R. 1:3-3 in the case of counterclaims. Rule 8:4-3(a) provides:
The time for filing of all pleadings other than the complaint shall be as prescribed by R. 4:6-1 and subject to R. 1:3-3 except that:
*323 (a) In a direct appeal of a local property tax matter pursuant to N.J.S.A. 54:3-21, a counterclaim may be filed within 20 days from the date of service of the complaint even if the counterclaim is filed after the deadline for filing the complaint provided in N.J.S.A 54:3-21.
It is the court’s opinion that the use of the word “except” in the court rule is inartfully drawn, ambiguous and, if interpreted to exclude consideration of the three day period afforded by R. 1:3-3 in the case of counterclaims, will produce an illogical and inequitable result. By incorporation of R. l:5-4(b), R. 4:6-l(a) provides that “service by mail shall be complete upon mailing of the ordinary mail.” In recognition of the reality that mail is not delivered the same day it is posted, the Supreme Court promulgated R. 1:3-3 to afford litigants who are served by regular mail three additional days to file their responses. Despite the comment of plaintiffs counsel in his brief on the inefficiency of the Postal Service in delivering mail to and from Gloucester County and his amazement that it took three days for defendant’s responsive pleadings to go from Woodbury to Trenton, this delivery delay must be fairly common or else there would have been no reason for the promulgation of R. 1:3-3.
To adopt plaintiffs interpretation of the statute and court rule would in most instances reduce a defendant’s time to file a counterclaim to 17 days where the complaint was sent by regular mail but would allow the same defendant 20 days from receipt of the complaint to file a counterclaim where such complaint was sent by certified mail, as was done in the present case. Such a result would discourage plaintiffs from serving complaints by certified mail in an effort to limit the time for defendants to respond.
The court’s decision does not run counter to the established law in this State that the power of the court to relax rules in certain situations under R. 1:1-2 cannot overcome statutory deadlines and that failure to file a timely appeal is a fatal jurisdictional defect. F.M.C. Stores Co. v. Morris Plains Bor., supra, 100 N.J. at 424, 495 A.2d 1313; Cumberland Holding Corp. v. Vineland, supra, 11 N. J.Tax at 460. Rule 1:3-3 does not relax or modify the statutory requirement for the filing of a counterclaim within 20 days after the date of “service” but merely provides the defendant in most *324 eases with a full 20 day period after receipt of the pleading within which to respond. The limited number of cases in which mail is delivered in less than three days and the defendant still receives the benefit of R. 1:3-3 does not justify the rigid interpretation urged by the plaintiff.
The plaintiffs motion is denied.