**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2567-24

THOMAS E. TWOMEY,

     Plaintiff-Appellant,

v.

NEW JERSEY TRANSIT
CORPORATION and NEW
JERSEY TRANSIT RAIL
OPERATIONS, INC.,

     Defendants-Respondents.

_____

         Submitted May 19, 2026 – Decided June 25, 2026

         Before Judges Gilson and Vinci.

         On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1916-23.

         Mark S. Guralnick, PC, attorneys for appellant (Mark S. Guralnick and Sarah Amin, on the brief).

         Jennifer Davenport, Attorney General, attorney for respondents (Deborah E. Wassel, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Thomas Twomey appeals from a March 26, 2025 order granting summary judgment to defendants New Jersey Transit Corporation and New Jersey Transit Rail Operations, Inc. (collectively NJ Transit) and dismissing his complaint with prejudice for failure to file a notice of claim as required by the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to :12-3. We affirm substantially for the reasons set forth by Judge Marcy M. McMann in her thorough and well-reasoned written opinion.

I.

On October 30, 2023, plaintiff filed a complaint against NJ Transit alleging injuries sustained on October 31, 2021, when he slipped and fell on the train platform at the NJ Transit rail station in Morristown. In lieu of an answer, NJ Transit filed a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e), arguing plaintiff failed to file a notice of claim as required by the TCA. Plaintiff opposed the motion, supported by certifications executed by plaintiff's counsel, Mark S. Guralnick, Esq., and his former paralegal, Szilvia Pleszinger, contending a timely notice of claim, dated January 14, 2022, was delivered to NJ Transit by regular and certified mail.

2

On March 1, 2024, Judge McMann denied the motion without prejudice "as there [were] factual issues that require[d] discovery." The judge ordered that "by July 1, 2024, the parties shall conduct limited discovery on whether [p]laintiff . . . sent the [t]ort [c]laim[] [n]otice, when it was sent, the manner it was sent, where it was sent and whether it [was] received and[,] if so, when it was received and by whom."

On December 20, 2024, NJ Transit renewed its motion to dismiss contending plaintiff failed to file a notice of claim or seek leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9. The judge determined an evidentiary hearing was required because she could not "resolve the factual issues pertaining to the [notice of claim] based on the conflicting certifications." The judge also converted NJ Transit's motion to dismiss to a motion for summary judgment.

On March 7, 2025, the judge conducted an evidentiary hearing at which Pleszinger, Guralnick, and Michael Nichols, a senior claims specialist employed by NJ Transit, testified. Pleszinger testified she worked for Guralnick's law firm as a paralegal in January 2022. One of her duties was to mail claim notices. In January 2022, she was working out of her "home office" due to the Covid-19

A-2567-24

pandemic. She met with Guralnick in person weekly at various locations to get her assignments and also received assignments from him by email.

Pleszinger testified Guralnick prepared all the notices of claim and her job was to send out the notices on the cases assigned to her and track the receipts. It was their "protocol that any notice would go out regular mail and then also certified mail." For the certified mail Pleszinger would "take a green card, and . . . a certified slip" and she "would address the envelope, and . . . take it to [a] post office." When she completed a certified mailing, she would file the return receipt; the paid receipt, which she would attach to the return receipt; and the green card signed by the recipient. Pleszinger "kept the green cards . . . the file copies . . . anything related to [Guralnick's] work" in the "Guralnick box" "[u]nder [her] desk" at home.

Pleszinger "remember[ed plaintiff's] case" and recalled assisting Guralnick with sending out the notice of claim dated January 14, 2022. She did not have a recollection of meeting Guralnick to receive the notice but assumed she received it during her weekly meeting with him or possibly by email. Pleszinger recognized the January 14, 2022 notice of claim and testified she mailed it to NJ Transit at 1 Penn Plaza East in Newark the day she received it or the following day "[b]ecause that[ is] what [she] ha[d] to do. . . . [She was]

drilled on this every single day. When [she] g[ot] [Guralnick's] letter, it ha[d] to be mailed out that day or the next day."

Although Pleszinger specifically "remember[ed] mailing" the notice, she could not remember any details about the day she mailed it. Pleszinger "d[id] remember . . . the green card coming back," but could not remember if it was signed or stamped "received" or if the signature section was blank. Pleszinger could not locate "the certified mailing receipt" or the "green card" for this case. She testified it was fair to say that if she had "done a certified mail according to [her] normal procedures" she would have a certified mail receipt and a signed green card. After Pleszinger stopped working for Guralnick, she could not find the Guralnick box, and she believed she had placed it in a closet with other boxes of old tax returns and accidentally threw the box away.

Guralnick testified he prepared the January 14, 2022 notice of claim and Pleszinger was assigned to mail it out. He did not have any specific recollection of giving her the notice, and did not have any personal knowledge of when, or if, she mailed the notice.

Guralnick testified that on February 8, 2022, he prepared and mailed a second notice of claim, addressed to the Tort and Contract Unit at the New Jersey Department of Treasury in Trenton, and attached a copy of the January

5

14, 2022 notice. Pleszinger was not involved in sending the February 8 notice. Guralnick conceded the February 8 notice was mailed more than ninety days after the accrual date of plaintiff's claim.

Guralnick testified "it had come to [his] knowledge through other cases [he] w[as] handling that the tort and contract unit was essentially the default place to give notice to the State of New Jersey" so "[i]n an abundance of caution, a few weeks after that initial letter went out . . . [he personally] decided to send a second tort claims notice." Guralnick testified he found inconsistent information on the State and NJ Transit websites as to where the notice should be sent, and it was not clear if it should be sent to NJ Transit or the State.

Guralnick produced the certified mail receipt and green card confirming the February 8 notice was received. Guralnick testified "nobody contacted us from the State of New Jersey or from [NJ] Transit at any point in time following our filing of the two tort claim[] notices. . . . [N]obody wrote back and said, '[w]e never got the first one,' or '[y]ou sent it to the wrong address,' or anything of that sort."

Nichols testified he is assigned to NJ Transit's railroad claims section and is the "senior claims specialist" assigned to plaintiff's case. At all times relevant to this case, NJ Transit was located at 1 Penn Plaza East in Newark.

A-2567-24

Nichols testified that when NJ Transit receives a claim, a file is opened and assigned a file number. The first two digits of the file number correspond to the year that the claim was received. Nichols testified the file number for plaintiff's case is 23-22229 because the only documents he received for this claim were "the summons and complaint [on] November 2[], 2023" and the claim file was set up on November 3, 2023. Nichols testified there is "no notice of claim" in plaintiff's claim file. He was not familiar with the New Jersey Tort and Contract Unit and has never received anything from that unit.

On March 26, 2025, the judge entered an order granting NJ Transit's motion for summary judgment supported by a thirty-nine-page written opinion. She noted her "resolution of the[] factual issues turn[ed] on the credibility of the witnesses considered in the context of all the evidence." The judge found "Pleszinger [did] not have an independent recollection of many of the details of the work she did on [t]his case." She also found

> Pleszinger and . . . Guralnick d[id] not have any independent recollection of . . . Guralnick handing . . . Pleszinger the January 14, 2022 letter and where and when the exchange occurred. Their testimony that . . . Guralnick gave . . . Pleszinger the letter at the weekly meeting on an unknown date and location [wa]s based on an assumption by each witness that they adhered to their custom and habit for assignment of work.

7

The judge observed Pleszinger "appeared hesitant" when she spoke about her theory for what happened to the Guralnick box and determined her "explanation for the absence of the receipt and green card due to her possibly throwing out the box [wa]s not credible." The judge also found Pleszinger's testimony regarding her specific recollection of mailing the notice of claim was "not credible" and her claim that she recalled "receiving the green card [was] based on her assumption that she followed her normal procedure for mailing the" notice.

The judge found "the testimony of . . . Nichols that [NJ Transit does] not have any record of receiving the January 14, 2022 letter [was] credible." She noted if Pleszinger had sent the notice by both regular and certified mail "it is logical" they would have arrived separately, and it was "not probable" NJ Transit misplaced both notices. "Considering the totality of the circumstances," the judge found plaintiff "ha[d] not sustained his burden of proof that he mailed [a notice of claim] on or before January 29, 2022" and, therefore, "did not timely serve" a notice of claim.

The judge rejected plaintiff's claim that his failure to timely file a notice of claim "should be excused pursuant to the doctrine of substantial compliance." She determined there was no basis to find substantial compliance based on the

8

January 14, 2022 notice because plaintiff "did not timely serve the January 14, 2022 letter."

With regard to the February 8, 2022 notice, the judge noted NJ Transit is "a public entity separate from the State" and plaintiff was "required to serve [NJ Transit], not . . . the State." She concluded "service of the late [notice of claim] on the incorrect entity . . . does not constitute substantial compliance with the statute." In addition, the February 8 notice was "a legal nullity because it was served untimely without leave of court."

The judge rejected plaintiff's reliance on the doctrine of equitable estoppel. She found "there [was] nothing on the [State's] website that direct[ed] a claimant to the Tort and Contract . . . Unit." In addition, Guralnick "correctly identified [NJ Transit] as the entity to be served and included the correct address on his January 14, 2022" notice. The judge also determined there was "no indication that [NJ Transit] impeded the timely filing of the" notice or "engag[ed] in any conduct that created the impression they were waiving the notice requirement."

## II.

On appeal, plaintiff argues the judge erred in: (1) "granting summary judgment where material issues of fact existed regarding notice and mailing

under the" TCA; (2) "refusing to apply the doctrine of substantial compliance"; (3) "failing to apply equitable estoppel to preclude [NJ Transit] from denying notice"; and (4) using her "credibility findings . . . as a basis for summary judgment."

We are unpersuaded by these arguments and affirm substantially for the reasons expressed in Judge McMann's written opinion. We add the following comments.

Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Like the trial court, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Our review of a trial court's interpretation of the law is also de novo. See Finderne Mgmt. Co., Inc. v. Barrett, 402 N.J. Super. 546, 573 (App. Div. 2008).

The TCA governs when public entities are liable for their torts. Nieves v. Off. of the Pub. Def., 241 N.J. 567, 571 (2020). To proceed with a tort claim against a public entity, a plaintiff must file with the public entity a notice of

claim within ninety days of the action's accrual. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 345 (2019); see also N.J.S.A. 59:8-8. The failure to file "within ninety days under normal conditions, or within one year under extraordinary circumstances," bars a plaintiff from bringing a tort claim against a public entity. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2007); see also N.J.S.A. 59:8-8(a). Failure to comply with the notice requirements of the TCA, "constitutes an affirmative defense to a claim." Konopka v. Foster, 356 N.J. Super. 223, 231 (App. Div. 2002).

Our Supreme Court requires trial judges determining the timeliness of a notice of claim under N.J.S.A. 59:8-8 to perform a "sequential analysis." Beauchamp v. Amedio, 164 N.J. 111, 118 (2000). The judge first must determine "when the claim accrued." Ibid. The judge next must determine "whether a notice of claim was filed within ninety days" of the accrual date. Ibid. Where applicable, "the third task is to decide whether extraordinary circumstances exist justifying a late notice" as permitted by N.J.S.A. 59:8-9. Id. at 118-19. N.J.S.A. 59:8-9 provides that a claimant who failed to timely file a notice of a claim may "be permitted to file such notice . . . within one year after the accrual of [the] claim" by demonstrating "sufficient reasons constituting extraordinary circumstances for [the] failure to file" within ninety days.

11

"If there is any factual dispute with respect to the" mailing of the notice of claim, "a hearing is required at which testimony and evidence is to be presented." Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 176 (App. Div. 1986). "If it is . . . found that the notice of tort claim . . . was actually mailed by certified mail [or actually received by the public entity] within [ninety] days, . . . then the notice shall be considered timely." Id. at 177. "In the event it is found that the notice was not actually so given . . . within that [ninety]-day period, then plaintiff's claim . . . will be barred." Ibid.

Plaintiff's claim that the judge improperly made credibility assessments and decided disputed questions of fact in connection with NJ Transit's motion for summary judgment is not correct. It has long been the rule that where factual issues regarding the filing or timeliness of a notice of claim pursuant to the TCA exist, the judge is required to resolve those issues through a hearing "at which testimony and evidence is to be presented," which necessarily involves making credibility determinations as appropriate. Id. at 176. Here, the judge properly discharged her obligation to conduct a hearing and resolve the factual disputes relating to plaintiff's claim that he timely filed a notice of claim.

Plaintiff's reliance on the doctrine of substantial compliance is misplaced. Substantial compliance is an equitable doctrine used "to avoid the harsh

12                                                                      A-2567-24

consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 352 (2001). As applied to the filing of a notice of claim pursuant to the TCA, the doctrine "has been limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013). "The filing of a notice of claim more than [ninety] days after the accrual of a claim without leave of court is a nullity." Priore v. State, 190 N.J. Super. 127, 130 (App. Div. 1983).

Plaintiff's claim that the judge erred by not applying the doctrine of substantial compliance based on the January 14, 2022 notice is not convincing. The judge determined that notice was never sent.

Plaintiff's claim that the judge should have found substantial compliance based on the February 8, 2022 notice lacks merit. There is no question that notice was filed more than ninety days after the accrual of plaintiff's claim and was not timely. It is, therefore, a nullity. Ibid. In addition, the February 8 notice was not filed with NJ Transit as required by the TCA. It is well settled that the notice of claim must "be filed directly with the specific local entity at

issue." McDade v. Siazon, 208 N.J. 463, 476 (2011); see also N.J.S.A. 59:8-7 ("[a] claim for injury or damages arising under this act against a local public entity shall be filed with that entity").

New Jersey Transit is a public entity that can "sue and be sued." N.J.S.A. 27:25-5(a). The TCA excludes entities with sue-and-be-sued authority from its definition of the "State." N.J.S.A. 59:1-3; see also Muhammad v. N.J. Transit, 176 N.J. 185, 193-94 (2003) (confirming NJ Transit's status as a distinct public entity). Plaintiff did not substantially comply with the TCA by mailing the February 8 notice to the State. See O'Donnell, 236 N.J. at 339-40 (obligation to file a notice of claim on New Jersey Turnpike Authority was not satisfied by delivering notice to the State of New Jersey Bureau of Risk Management).

Plaintiff's claim that the judge erred by failing to apply the doctrine of equitable estoppel is without merit. "Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law. . . ." Casamasino v. City of Jersey City, 158 N.J. 333, 354 (1999) (internal citation omitted). "The doctrine is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to [their] detriment." Marsden v. Encompass Ins. Co., 374 N.J. Super. 241, 249 (App. Div. 2005) (citing Mattia v. N. Ins. Co. of N.Y., 35 N.J. Super. 503, 510 (App. Div. 1955)).

"[T]o establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment." Knorr v. Smeal, 178 N.J. 169, 178 (2003) (citing Miller v. Miller, 97 N.J. 154, 163 (1984)). The doctrine of equitable estoppel is "rarely invoked against a governmental entity." Meyers v. State Health Benefits Comm'n, 256 N.J. 94, 100 (2023) (citations omitted).

We are satisfied the judge properly rejected plaintiff's equitable estoppel argument. As the judge found, plaintiff's claim that he was unable to identify the correct address for NJ Transit is directly contradicted by the fact that the correct address was included on the January 14, 2022 notice. In addition, he served NJ Transit with his complaint at that address in October 2023. Plaintiff's claim that "NJ Transit's failure to reject or redirect the notices was . . . misleading" finds no support in the record. Neither notice was sent to NJ Transit and the TCA "imposes no obligation on the State to forward [a] notice of claim to [a public entity] or to notify [a plaintiff] of [their] counsel's error." O'Donnell, 236 N.J. at 350.

Based on our de novo review, we conclude the judge properly granted NJ Transit's motion for summary judgment and dismissed plaintiff's complaint with

15

prejudice. It was undisputed plaintiff's claim accrued on October 31, 2021, and his notice of claim had to be filed on or before January 29, 2022. It was also undisputed plaintiff did not file a motion for leave to file a late notice of claim within one year of the accrual date pursuant to N.J.S.A. 59:8-9. We are satisfied the judge correctly determined plaintiff failed to file a notice of claim as required by the TCA.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

16